WILLIAM MARKHAM, plaintiff in error, *vs.* PERINO BROWN *et al.*, defendants in error.

When the Justices of the Inferior Court of Fulton county, seized and took possession of the plaintiff's property without his consent, for the purpose of providing a small-pox hospital, and occupied it for that purpose for some months. *Held* that in an action of trespass brought by the plaintiff against the defendants in their individual capacity, for such seizure and occupancy, to recover damages therefor, although the Inferior Court may have had the power and authority, under the law, to provide small-pox hospitals, yet, such Inferior Court did not have the power and authority, under the law and constitution, to seize or impress plaintiff's private property for that purpose.

Trespass.   Tried before Judge COLLIER. Fulton Superior Court.   October Term, 1867.

Markham averred that Perino Brown, Clarke Howell, James M. Simmons, Edward Taliaferro and Powell Owen, on the 9th day of January, 1863, forcibly took possession of his certain farm and the tenements thereon, and kept him out of possession for eight months,—made a small-pox hospital of the premises, cut down his timber, burned his fences, and appropriated to their use, certain provisions thereon, etc., etc., and that a slave belonging to him, from that hospital contracted small-pox and died therefrom.

With proper averments of the value of said property, he claimed damages from said defendants for said conduct.

The defendants plead the general issue, and that if they did so occupy the premises, they did it as Justices of the Inferior Court of Fulton county, for the purpose of establishing quarantine grounds and a small-pox hospital to prevent the spread of small-pox in said county.

The evidence (so far as the same is material) showed that on the 1st of October, 1862, the military authorities of the Confederate States had taken possession of said premises for a small-pox hospital, and subsequently, to-wit: On the 1st of January, 1863, they were taken possession of (by a sort of transfer from the military authorities) by said defendants and

used as a small-pox hospital until late in the summer of 1863.

The land, etc., belonged to Markham,—the military impresment of them was against his will, and so was the occupation of it by said defendants in their official capacity.

Markham often tried to get defendants to give him possession of his property, and they refused; but finally three of them went with Markham to the place, and agreed to let him have possession of two negro houses for his farming hands to occupy, but subsequently broke this agreement, and again took and kept possession of the entire premises. The clothing of patients was carelessly thrown about,—one of Markham's slaves took small-pox and of it died.

Plaintiff also proved that many persons having small-pox, were taken to the premises ; that damage of various kinds was done, and gave evidence of the *quantum* of his loss therefrom.

The defendants showed that there was a necessity for a small-pox hospital; that officially, on the 1st of January, 1863, they joined said military authorities in the occupancy of the premises for hospital purposes, and subsequently occupied it alone; that this was an isolated place, suitable for the purpose; that Markham sent his slave there after being warned of the danger; that the employees were paid by the Court, and offered evidence to contradict the alleged depredations on the timber, fencing, etc., and to lower the *quantum* of loss.

They also read in evidence, an order, passed by them officially, as Justices of the Inferior Court, on the 16th of February, 1863, by which they discontinued the employment of physician and superintendent of "Markham Hospital," and gave to Markham possession of the dwelling-house and a portion of the kitchen next to it,—so long as necessary to still use them, the Inferior Court to retain possession of the other buildings.

The Court charged the jury that, if the defendants, as the Inferior Court of Fulton county, took possession of plaintiff's property, and the necessity was such, that the public good

required the seizure of said property, at that time, to prevent the spread of small-pox, defendants were not liable to damages therefor.   The Inferior Court have the power to establish small-pox hospitals, and the county is liable for the trespass in such cases.   If defendants made the seizure as individuals and not as Justices of the Inferior Court (this action being trespass *vi et armis*) they are liable for the damage they did, but not for the damage done by their agents or employees; this form of trespass cannot be committed by an agent or employee.

The Court was requested to charge the jury, that the order of 16th of February, 1863, could not protect defendants against a recovery for a seizure of the premises made before then, and without an official order by them as Justices.   The Court so charged, adding that a subsequent recognition of the official acts by plaintiff, would be equal to such previous order in its protecting power.

The Court was requested to charge that the Inferior Court could not lawfully impress plaintiff's property for a small-pox hospital, but refused so to charge.

The Court was requested to charge, that compensation must be provided and paid before seizure, unless the necessity was so pressing that the public safety required no delay in the seizure.   He refused so to charge, and repeated what is first above stated substantially, as his charge on that subject.

The verdict was in favor of the defendants.

A new trial was moved for, on the grounds that the Court erred as aforesaid as to the lawfulness of the seizure, in refusing to charge as requested, in charging that defendants were not liable for the damages committed by their agents or employees, and because the verdict was contrary to law, contrary to the evidence, etc.

The refusal of a new trial is brought up for review.

HAMMOND & MYNATT, for plaintiff in error, cited, as to the power of the Inferior Court as to hospitals, etc., Code secs. 286, 287, and 1315, act of 13th December, 1862, and this case decided at July term, 1863, by this Court.

As to trespass by agent, Code sec. 2181; 3 Phil. on Ev.

187, Chitty on pl. 80—180; Code sec. 2983, 2 Gr. Ev. sec. 621, plea admits the trespass.

As to the necessity for an order, 1st, Chitty's pl. 182, and as to the compensation, Code secs. 2204, 2205, 4908 and 5054.

HILL & CANDLER, for defendants in error, cited, as to the official character, etc., acts of 1862, par. 34, 12th John R. 444, Walker vs. Swartout ; 18th John R. 122, Alney vs. Wick ; 19th John R. 62. Randall vs. Vanvechter *et al.*, Irwin's R. C., sec. 2998.

As to their power to impress for the purpose stated, act of 1862 *ante*, Bishop & Parsons vs. Mayor, etc., of Macon ; 7th, Ga. R. 202, Parham vs. The Justices ; 9th, Ga. R. 346, Irwin's R. C. sec. 2200, and as to the liability of the Court and not of the defendants individually—Irwin's R. C. sec 525, and acts of 1863 page 162.

WALKER, C. J.

This is an action of trespass, brought by the plaintiff in the Court below, against the defendants, for breaking and entering upon his premises, in the county of Fulton, known as the Davis place, and taking possession of the same, including the dwelling-house and other houses situated thereon, and expelling him therefrom for the space of eight months, and for other wrongs and injuries, done to him by the defendants.

The right of enjoyment of private property in this State being an absolute right of every citizen, every act of another which *unlawfully* interferes with such enjoyment, is a cause of action. The bare possession of lands authorizes the possessor to recover damages from any person who *wrongfully* in any manner, interferes with such possession. The person having title to lands, if no one is in possession under the same title with him, may maintain an action for trespass thereon. Where two persons claim to have actual possession of the same land, he is deemed in possession who has *the legal title*, and the other is a *trespasser*. The owner of realty, hav-

ing title downwards and upwards indefinitely, an *unlawful* interference with his rights, below or above the surface, alike gives him a right of action. Revised Code, sections 2962, 2965, 2966 and 2969. The entering the dwelling-house of another without license, is a trespass, in the eye of the law. And if one enter the dwelling-house of another by permission, and continue there, after he has been requested to leave it, he becomes a trespasser *ab initio*. Adams vs. Freeman, 12th John Rep. 404. This action may be maintained, not only against the party who did the act, but against all who *direct* or *assist*, in the commission of it. 2d Leigh's Nisi Prius 1443. Thus a party may be sued in trespass in respect of his *previous consent, or request*, that the trespass may be done, as if A command or request B to beat, or impress C, or to take his goods, or to *commit a trespass on his land*, and B do it, this action lies as well against A as against B. 1st Chitty's pleading, 181. 7th Comyns Dig. top page 515, letter C. There are no accessories in trespass, but all are *principals*. Ib.

The defendants in this case, however, seek to justify themselves for the alleged trespass on the plaintiff's property, on the ground that they were acting as the Justices of the Inferior Court of Fulton county, and in their official capacity, seized and took possession of the same for the purpose of establishing a small-pox hospital, and upon the trial of the case in the Court below, the Court charged the jury, amongst other matters connected with the trial, " that if you shall believe from the evidence that the defendants, as Justices of the Inferior Court of Fulton county, did take possession of the plaintiff's property, and if you shall further believe from the evidence, that the necessity was such that the public good required the seizure of the plaintiff's property at that time to prevent the spread of this contagion, then the defendants are not liable." This charge of the Court is excepted to and assigned as error. By the act of 1862, the provisions of which are incorporated in the Revised Code, the Justices of the Inferior Courts of each county in this State, within which the small-pox has appeared or may appear, are author-

ized and empowered to *provide* a suitable hospital for those so afflicted, and also to *provide* proper quarantine regulations to prevent the spread of the disease.    Revised Code, sections 1411, 1412.   The property of the plaintiff is alleged to have been seized on the 9th day of January, 1863, prior to the adoption of our present State constitution, but the constitution of the United States declares, " nor shall private property be taken for public use without just compensation." This great fundamental principle, embodied in the constitution of the United States for the protection of the private property of the citizen, was recognized to be of binding force in the Courts of this State in Young vs. Harrison *et al.*, 3d Kelly's Rep., 31.   It is to be noted that the act of the legislature authorizing the Inferior Courts to provide suitable hospitals for small-pox patients, makes no provision for compensation, from which we infer that it was not contemplated that *private property* should be taken or impressed for that purpose.    The right of the Inferior Court to provide hospitals for small-pox patients, under the law, is *one thing ;* but their right to seize or impress the *private property* of the citizen for that purpose, is another and quite a *different thing.* No express power is given them in the law to do so, and we cannot give it to them by implication.

The main question involved in this case has already been decided by this Court on an application for injunction between these same parties.    Markham vs. Clark Howell *et al.*, decided at July Term, 1863, at Atlanta.    In that case, this Court said "that the defendants were authorized to establish a hospital, did not confer the right to impress.   This is a too dangerous and extraordinary power to be conferred by mere implication ; it must be expressly granted, and must provide in the grant the mode of compensation."   The power to seize the plaintiff's property in this case, is attempted to be derived from section 2200 of the Revised Code.   That section of the Code only extends to the taking possession of a house, or surrounding it with a guard, in which a contagious disease exists, to prevent its spreading—a mere quarantine regulation.

It has been insisted here that the defendants acted in their official capacity in good faith, in seizing the plaintiff's property for hospital purposes, under a pressing necessity to prevent the spreading of a loathsome disease, and that it will operate harshly to make them liable as trespassers in their individual capacity. We feel the full force of the argument; but the reply is, that the plaintiff claims before this Court to have his constitutional rights protected, that his rights of private property have been invaded without lawful authority by the defendants, and demands redress therefor at our hands, and so believing, we are bound to give it to him so far as to adjudge the law in his favor. It is our judgment, that under the law the Justices of the Inferior Court of Fulton County had the power and authority to *provide* a suitable hospital for small-pox patients; but they did *not* have the power and authority, under the law and constitution, to seize or impress the plaintiff's private property for that purpose, as set forth in this record, and that the Court below erred in its charge to the jury upon this branch of the case.

Let the judgment of the Court below be reversed.