## MOORE *v.* PENN *et al.*

1. It is not prejudicial to a party to admit illegal testimony the only effect of which, if of any probative value, would be to establish a fact which is alleged in his own pleadings.   Thus where in an affidavit made under the Civil Code, § 2850, in order to procure a levy upon exempted realty, it was averred that the same had been set apart as a homestead, it was not harmful to the plaintiff in the execution levied to allow the defendant therein, who had filed a counter-affidavit based on numerous grounds, to introduce, for the purpose of showing that the property levied upon had been so set apart, a schedule of exempted personalty and realty which did not sufficiently describe the latter.

2. If section 5330 of the Civil Code is in any instance applicable on the trial of a case such as that above indicated, the proper course to be pursued, when the jury return a general verdict for the defendant, is to require them to retire and frame their verdict so as to make it show what ground or grounds of the counter-affidavit they sustain.   It is not proper for the presiding judge or justice to orally ask them " upon what grounds they found their verdict."

3. There was sufficient evidence to support the verdict returned in this case.

Submitted May 1, — Decided June 12, 1902.

Certiorari.   Before Judge Candler.   DeKalb superior court. December 7, 1901.

*A. C. McCalla,* for plaintiff.   *G. W. Gleaton,* for defendants.

LUMPKIN, P. J. The judgment now under review is one over-ruling a certiorari. It appears from the record that M. C. Moore, who held against John Penn and Laura Penn an execution which had been issued from a justice's court, caused the same to be levied on certain realty. Before having the levy made, the plaintiff had filed with the levying officer an affidavit reciting that this realty had been set apart as a homestead to the defendants, but that, for certain reasons set forth, it was nevertheless subject to his execution. This affidavit was based on the Civil Code, § 2850. The defendants filed a counter-affidavit, as therein provided for; and the issue thus formed was on appeal tried by a jury in a magistrate's court, and a verdict was rendered in favor of the defendants. The petition for certiorari complained of this verdict; and, so far as verified by the answer of the magistrate, presented for determination by the superior court the questions dealt with below.

1. At the trial in the justice's court the defendants offered in evidence a schedule of exempted property, including both realty and personalty. The plaintiff objected thereto on the ground that the realty was not so described as to sufficiently identify it. The objection was overruled, and the evidence admitted. This ruling did not result prejudicially to the plaintiff. It was not incumbent on the defendants to show that the property levied on had been exempted, this fact having been asserted in the plaintiff's affidavit for the purpose of having the levy made, and the only issue in the case being whether this property was or was not, though exempted, subject to the plaintiff's execution for the reasons set forth in his affidavit. If in point of fact the property in question had never been exempted, there was no occasion for the plaintiff's undertaking to pursue the remedy provided for by the section of the code above cited.

2. The counter-affidavit set up various reasons why the execution should not be allowed to proceed. The verdict was a general one in favor of the defendants. It appears from the answer of the magistrate that " before the jury dispersed, . . one of the plaintiff's counsel requested [him] to ask the jury upon what grounds they found the verdict," but that the magistrate declined to comply with this request. If, under the facts of this case, the jury should, agreeably to the provisions of section 5330 of the Civil Code, have returned a verdict which showed " upon which of the

pleas" their finding in favor of the defendants was based, the proper course to be pursued by the plaintiff was to request the magistrate to require the jury to retire and amend their verdict so as to make it show what ground or grounds of the counter-affidavit they thereby sustained. Clearly, the plaintiff had no right to demand that the magistrate orally catechise the jury as to the reasons influencing them in returning a general verdict in favor of the defendants.

3. Complaint was also made that the verdict was contrary to the evidence. On this point it is sufficient to say that the testimony, while conflicting, fully warranted the jury's finding.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*