31586. BARBRE, administrator, *v.* SCOTT.

DECIDED JULY 15, 1947. REHEARING DENIED JULY 29, 1947.

*Bennet, Peacock & Perry, Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*E. L. Smith, S. B. Lippitt,* contra.

PARKER, J. This case was a damage suit brought by Mrs. Robbie Joe Scott, the wife of H. F. Scott, against Joe Bell Barbre, administrator on the estate of W. M. Scott, deceased. The plaintiff sued for damages for personal injuries resulting from the neg-

ligent operation of an automobile by W. M. Scott, the defendant's intestate. She recovered a verdict for $5000. The case grew out of the same occurrence and automobile collision involved in the case of 'Barbre v. Scott, ante. The pleadings, the grounds of negligence alleged, and the evidence in the two cases are substantially the same; and since the facts appear at length in the companion case, they will not be set out more fully here.

The amended motion of the defendant for a new trial was overruled, and he excepts to that judgment.

The defendant contends that the court erred upon the trial in admitting testimony showing certain statements and declarations made by the deceased, W. M. Scott, to the witness on the day after the collision occurred; and in certain charges to the jury; and in refusing certain requests to charge submitted by the defendant. These same contentions were passed upon by this court in the companion case referred to above. Under the rulings therein made, it was not error to overrule the motion for new trial in this case on the general grounds, nor on the special grounds relating to these particular contentions.

■ The rulings in the companion case are controlling and dispose of all the contentions here made, except the assignment of error in special ground 5. This ground alleges that the court erred in admitting in evidence the policy of liability insurance issued by Glens Falls Indemnity Company to W. M. Scott. When counsel for the plaintiff tendered the policy in evidence, he stated that it was "tendered for the purpose only of showing that this is an asset of the estate of W. M. Scott, deceased, and tendered upon the statement of counsel for defendant that an amendment would be filed showing there were no assets, and also upon his cross examination of H. F. Scott (plaintiff's husband) tending to show there were no assets." Counsel for the defendant objected to the evidence as irrelevant and immaterial. The court ruled that whether or not there was insurance was not a matter that concerned the jury, and the objection to the evidence was sustained. Thereupon, counsel for the defendant administrator, in his individual capacity, tendered an amendment, in which it was alleged that the estate had been fully administered, except as to a certain liability insurance policy with Glens Falls Indemnity Company, the amount of which did not appear. After said amend-

ment was allowed, the plaintiff again tendered the policy and it was admitted over the defendant's objection that it was irrelevant, immaterial, and highly prejudicial. The court stated that the policy was admitted "for the purpose of showing that the estate has assets, if those are assets, and for no other purpose whatever."

It appears that counsel for the defendant, in his opening statement to the jury, and before any evidence was introduced, admitted that there was insurance in the case and that his firm represented the insurance company, and it also appears that H. F. Scott, a witness for the plaintiff, was cross-examined by counsel for the defendant with respect to liability insurance carried by W. M. Scott, deceased. It appears also that, when the amendment was offered by counsel for the administrator in his individual capacity, there was no objection to the amendment by other counsel for the defendant who primarily represented the insurance company. Under these circumstances, we do not think that the court erred in admitting the policy in evidence.

In the light of the pleadings and the admissions made in open court by counsel for the defendant, the introduction of the policy in evidence would appear to be immaterial at most and not harmful to the defendant. It is needless to cite authorities to the effect that the admission of immaterial or irrelevant evidence is no ground for a new trial if harmless; and that the complaining party must show that the admission of illegal evidence was harmful. Furthermore, if the admission of the policy was subject to the objection offered by the defendant, the evidence related only to a collateral issue in the case and could not have prejudiced the defendant's case before the jury. See *Upshaw Bros.* v. *Stephens,* 26 *Ga. App.* 284 (106 S. E. 125). "It is not prejudicial to a party to admit illegal testimony the only effect of which, if of any probative value, would be to establish a fact which is alleged in his own pleadings." *Moore* v. *Penn,* 115 *Ga.* 796 (42 S. E. 57).

Counsel for the defendant argue in this court that the admission of the policy in evidence, where the amount of the insurance carried by the defendant had not otherwise appeared, was manifestly prejudicial and harmful to the defendant, because the verdict was in the exact amount of the policy. We can not follow this line of reasoning. The evidence as to the character and extent of the injuries sustained by the plaintiff would have authorized a ver-

dict in a larger amount than the verdict returned by the jury, and we think it is reasonable to say that the jury may have reduced its verdict so as not to exceed the amount of the policy instead of increasing the verdict so as to cover the policy. Under this view of the case, it is plausible to conclude that the introduction of the policy may have been helpful rather than harmful to the defendant.

■ Although all the other assignments of error in this case are controlled by the rulings in the companion case, cited supra— as to special grounds 7 and 8 of the amended motion assigning error on the failure of the court to charge certain requests relating to the alleged negligence of the deceased in driving the car without his glasses, and without his windshield wiper working, it may be said that the evidence showed that the deceased ordinarily wore glasses, and had worn them for about six years, and that he wore them all the time, but was not wearing them at the time the plaintiff was injured, and that the windshield wiper was not working. For these reasons, we think that the evidence authorized the charge as given, and that there was no error in refusing the charges requested.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I dissent from the judgment for the same reason given in my dissent in *Barbre* v. *Scott,* ante, except as to the request to eliminate the alleged negligence concerning operating the car without the windshield wiper working. In this case there was evidence that it was not working at the time of the accident. In the above case, there was no such evidence.