37466.   KULMAN *et al. v.* SULCER *et al.*

DECIDED JANUARY 16, 1959—REHEARING DENIED
FEBRUARY 2, 1959.

*A. Walton Nall, John Izard, Nall, Miller, Cadenhead & Dennis, Spalding, Sibley, Troutman, Meadow & Smith, Harry C. Howard, Jr., James W. Dorsey, Carl Buice,* for plaintiffs in error.

*Ginsberg & Haskins, A. Sidney Parker, Hamilton Lokey, Arnall, Golden & Gregory, Smith, Swift, Currie & McGhee, Charles D. Weltner,* contra.

*McChesney H. Jeffries,* for parties at interest not parties to record.

TOWNSEND, Judge. ■ It is perfectly true, as contended by the plaintiffs in error, that a landlord is not liable to a tenant for the trespass or negligence of a cotenant to whom the landlord has surrendered control of another part of the premises. *J. B. White & Co. v. Montgomery,* 58 *Ga.* 204 (2) ; *Leonard* v. *Fulton Nat. Bank of Atlanta,* 86 *Ga. App.* 635 (72 S. E. 2d 93) ; *Goettee* v. *Carlyle,* 68 *Ga. App.* 288 (22 S. E. 2d 854) ; *Edwards* v. *Lassiter,* 67 *Ga. App.* 368 (20 S. E. 2d 451). Nor does the landlord's

covenant of quiet enjoyment extend to an undertaking that the lessee will not be disturbed or annoyed by the acts or negligence of a cotenant. *Adair* v. *Allen,* 18 *Ga. App.* 636 (89 S. E. 1099). The trustees are liable, if at all, for their own acts of negligence, and not for the negligence of other tenants. It is, for example, an actionable tort on the part of a landlord to rent adjoining premises to other tenants for the conduct of a business naturally destructive of the plaintiff's business, and the latter may on such facts claim a constructive eviction. 32 Am. Jur. 247, Landlord and Tenant, § 263. "To render one man liable in trespass for the acts of another, it must be made to appear either that they acted in concert, or that the act of the party sought to be charged ordinarily and naturally produced the acts of the other (*Brooks* v. *Ashburn,* 9 *Ga.* 297; *Burns* v. *Horkan,* 126 *Ga.* 161, 165, 54 S. E. 946; *Markham* v. *Brown,* 37 *Ga.* 277, 281, 92 Am. Dec. 73) ; and where, upon the trial of a case brought by a tenant against his landlord for trespass, it is made to appear from the evidence that the defendant landlord, without the tenant's consent, and before the expiration of the tenant's term, rented the premises to a third person and authorized such person to enter upon the premises without authority of law, and such person does as he is authorized and in doing so takes possession of certain items of furniture and in moving those items from the dwelling damages them and leaves those items where they are exposed to the elements and damaged further, the jury is authorized to find the defendant landlord guilty of trespass and of damaging the plaintiff tenant's property." *Johnson* v. *Howard,* 92 *Ga. App.* 96, 101 (88 S. E. 2d 217). Likewise, in the present case the plaintiff by virtue of his lease had a right to the use of the roof for purposes of shelter and protection of his business (*Smith* v. *Hightower,* 80 *Ga. App.* 293, 296, 55 S. E. 2d 872) where the defendant landlords, without the tenant's consent and before the expiration of the tenant's term, rented the roof of the premises to a third person and authorized such person to enter upon and partially destroy that roof in such manner as to destroy the tenant's use thereof without authority of law, and such person did as he was authorized by the landlords, and in doing so left the plaintiff's personal property exposed to the elements

in such manner as to destroy it and temporarily destroy his business conducted within the building, a jury would be authorized to find the defendant landlords guilty of trespass and of damaging the plaintiff tenant's property and his business. One cannot legally contract to others a right which he does not have himself. The owners of this building would be liable if they, either negligently or wilfully, altered or repaired the building in such manner as to cause injury to tenants therein. *Feinberg* v. *Sutker*, 35 *Ga. App.* 505, 506 (134 S. E. 173). It follows that they cannot contract with another where the natural and ordinary result of such contract will result in like injury. In *Ketchum* v. *Price*, 31 *Ga. App.* 49 (119 S. E. 442), it was held that Ketchum, by deeding to the power company the right to overflow certain of his land on which he had previously granted the plaintiff a timber lease, procured the commission of the trespass by the power company, the result of which was to destroy the plaintiff's timber, and was liable on the theory that he procured the commission of the trespass because "anyone who procures or assists in the commission of a trespass, or directs or requests that it be done, *or does an act which ordinarily or naturally produces the trespass,* is liable jointly with the actual perpetrator." *Burch* v. *King*, 14 *Ga. App.* 153, 155 (80 S. E. 664). Thus, since this plaintiff had a right to the use of the roof for purposes of shelter only, the owners had a right to contract with third persons regarding the roof in any manner they saw fit so long as by so doing they did not interfere with this right of the plaintiff. The petition here alleges that the owners did not legally contract, as they might have done, but contracted in a manner naturally destructive of his rights by authorizing the roof to be removed *without requiring adequate protection* for the plaintiff, and *with knowledge that* he would be unprotected from the elements; in *causing* an unlawful trespass and in *contracting for* an act which rendered the premises unfit for tenancy. The defense that the work, properly performed, would not have injured the plaintiff, must be urged upon the trial of the case and not before this court at this time. If the plaintiff fails to prove the negligence and trespass alleged, and if it appears on the trial that the consequence of whatever contract these defendants en-

tered into with the Livingston Company was not naturally productive of injury to the plaintiff; that the work properly performed would not have damaged him or interfered with his rights under the lease, and that the sole cause of injury was the negligence of others, then of course the plaintiff would have failed to prove his case as to these defendants, the owner-landlords. The contrary, however, appears from the petition, and the trial court did not err in overruling the general demurrers as to each count.

■ The fact that the plaintiff's lease contained the following: "Lessee agrees to hold lessor harmless against injury or damage to person or property of lessee, his agents, or employees, or of the public or any other person *because of defects in the condition of said premises,* be the same *structural or otherwise,*" is immaterial. A provision in a contract that the lessee releases the lessor "from any and all damages to person and property" sustained during the lease period, however occurring, will serve to exempt the landlord from liability based on simple negligence (*Capital Wall Paper Co.* v. *Callan Court Co.,* 38 *Ga. App.* 428, 144 S. E. 135; *Plaza Hotel Co.* v. *Fine Products Corp.,* 87 *Ga. App.* 460, 74 S. E. 2d 372) but even such a provision will not release the landlord from acts or omissions either wilful in nature or "so reckless or so charged with indifference to the consequences as to evince a wantonness equivalent in spirit to actual intent." *Brady* v. *Glosson,* 87 *Ga App.* 476, 480 (74 S. E. 2d 253). Under the *Brady* case count 2 of the petition would set forth a cause of action based on wilful trespass. Count 1 was properly construed by the trial court as being based on ordinary negligence.

Code § 61-112 provides: "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant, but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." As between landlord and tenant, of course, this responsibility may be waived, but no such waiver results from a provision which merely refers to defective conditions (whether this be construed to mean defective construction or failure to repair or both) amounting to an affirmative

act of the landlord committed during the term of the tenancy and resulting in the creation of a defect which would not otherwise have existed. Likewise it does not comprehend an affirmative authorization to others to do an act tending to be naturally destructive of the plaintiff's interest in the leased premises. Failure to correct a defective condition is an act of omission or nonfeasance; the grant of authority to create an encroachment upon the tenant's right of use in the leased property is an act of commission and misfeasance. The waiver provision in this lease is sufficient to cover the former but not the latter, for which reason it provides no defense under the allegations of this petition. Accordingly, count 1 sets out a cause of action for ordinary negligence, and count 2 sets out a cause of action based on a wilful trespass.

■ The special demurrers, while generally insisted upon, are not argued, and certain of those mentioned in the brief of counsel for the plaintiff in error have become moot by reason of the amendment to the petition. The special demurrers to the allegations of negligence above set out are not subject to the objection that it appears that the owners of the building had no right of control over the manner and performance of the work, for, as stated above, the liability of the complaining defendants must be based entirely on their own negligence in authorizing the tort, and not on imputable negligence of those who performed the work. The contentions raised by special demurrer were well answered in an interlocutory opinion of the trial court, part of which contains the following: "The gist of this action is (1) removing the roof (2) without providing a substitute to protect plaintiff against the elements. If the plaintiff sues for a trespass, then under the allegations of the plaintiff's petition all the defendants participated in the trespass jointly because (1) [The owners] caused the trespass by authorizing (having no right to authorize the violation of the plaintiff's right to a roof); (2) Livingston procured, and (3) Barwick did the act. The trespass consisted of the two elements referred to: (1) removing the roof and (2) not providing a substitute. It is really the act of removing the roof. While providing a substitute roof to protect the plaintiff from the elements may have prevented the

■

removal from being a trespass, it was actually the removal of the roof per se which brought about the plaintiff's alleged damages. . . Each [set of defendants] is independently charged with negligence which is alleged to have concurred in bringing about the alleged damage to the plaintiff." The overruling of the special demurrers is without error.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*