## 43215. TOWNSEND & GHEGAN ENTERPRISES et al. v. W. R. BEAN & SON, INC. et al.
## 43216. W. R. BEAN & SON, INC. v. TOWNSEND & GHEGAN ENTERPRISES et al.
## 43217. LAW ENGINEERING TESTING COMPANY v. W. R. BEAN & SON, INC. et al.
## 43218. W. R. BEAN & SON, INC. v. LAW ENGINEERING TESTING COMPANY et al.

SUBMITTED NOVEMBER 9, 1967—DECIDED JANUARY 3, 1968—
REHEARING DENIED JANUARY 19, 1968.

*Wiggins & Smith, Walter A. Smith,* for Townsend & Ghegan.
*Gambrell & Mobley, David H. Gambrell, Robert D. Feagin,
III,* for W. R. Bean.

*Lokey & Bowden, Glenn Frick,* for Law Engineering.

JORDAN, Presiding Judge. ■ The provisions of the new Civil
Practice Act are inapplicable in considering these appeals, which
are based on rulings in the lower court prior to the effective date
of the Act. See the ruling on motion for rehearing in *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376, 378 (157 SE2d

493). As to any rulings by the trial court hereafter made, § 86 of the Georgia Civil Practice Act, as amended (Ga. L. 1967, p. 8) controls and vests in that court a discretion to determine whether application of the new procedure "would not be feasible or would work injustice, in which event the former procedure applies."

The first four enumerated errors in Case No. 43215 are directed to the overruling of the general demurrers of Fulco and Townsend to the petition as finally amended. The petition clearly purports to show an interference with the right of occupancy and use of the premises by the plaintiff as tenant, resulting in damage to the tenant, the tenant being entitled to a roof maintained in good order by the landlord, by reason of the concurring negligence of the landlord, a partnership of two individuals, and one of its members, under the first count, or by reason of their concurring acts in causing a trespass, under the second count. In this respect the case is controlled by *Kulman v. Sulcer*, 99 Ga. App. 28 (107 SE2d 674), involving a substantially analogous factual situation, and pertinent rulings are collected and discussed therein. *Code* § 105-501 must be construed in pari materia with the stated exceptions in *Code* § 105-502, and there is no merit in the contention that the petition should be construed on demurrer to afford the partnership or the partner Townsend immunity from liability for the conduct of either Law or Carr even if they were independent contractors.

As to the liability of the landlord for failure to keep the premises in repair, and damages resulting therefrom, see *Code* §§ 61-111, 61-112; *Miller v. Smythe*, 92 Ga. 154 (18 SE 46); *Hill v. Liebman, Inc.*, 53 Ga. App. 462 (1) (186 SE 431); *Oglesby v. Rutledge*, 67 Ga. App. 656 (1) (21 SE2d 497).

By Enumerations 5, 6, and 7 in Case No. 43215 it is contended that the trial judge erred in failing to sustain grounds of special demurrer directed to allegations characterizing the defendant Carr as a servant of defendant Fulco employed to patch the holes cut by the defendant Law. Reference to Carr as a servant connotes the necessary legal relationship to invoke the doctrine of respondeat superior, and in this respect the pleadings here are clearly distinguishable from those in *Chatham v. Tex-*

*aco, Inc.,* 109 Ga. App. 419 (136 SE2d 489), cited by counsel. In that case the pleadings referred to a sublessee, a term which does not show as a matter of law the relationship of agent, servant, or employee for application of the doctrine of respondeat superior, and as the court pointed out (p. 422), if the relationship of servant, agent, or employee did exist in respect to the sublessee, "it could have been said so in very simple language." Also, see *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324 (58 SE2d 559). The allegations are sufficient to withstand the grounds of special demurrer.

■ By Enumerations 8, 9, 10, and 11 in Case No. 43215 it is contended that the trial judge erred in failing to sustain special demurrers directed to conclusions of the pleader which are negated and contradicted by other allegations. Collectively, these allegations are good against the grounds of special demurrer and show that the defendants Fulco and Townsend were negligent and aided in committing acts of trespass by authorizing and permitting the defendant Law to cut holes in the roof and in failing to take measures to protect the plaintiff and its property from damage.

■ Enumerations 12 and 13 in Case No. 43215 are directed to the overruling of demurrers to allegations to the effect that the defendants Fulco and Townsend rendered the premises unfit for tenancy and without cause or provocation evicted the plaintiff. It is contended that at the most the eviction was constructive instead of actual, and in conflict with other allegations showing that paper was moved to another part of the warehouse and that there was only a temporary interruption in business. The lease in the present case requires the lessor to keep the roof in good order, and it is clear from the allegations that in this respect the lessor failed, and irrespective of whether the lessor could not restore the premises to a fit condition, it is quite clear that the lessor did not in fact restore the premises to such condition by adequate repairs in time to avoid damage to the lessee's property and unreasonable interruption of the lessee's business.

If "premises become untenantable for want of repairs where the landlord was under covenant to repair, then this would be in law, a constructive eviction." *Lewis & Co. v. Chisolm,* 68 Ga.

40, 47. The rule in *Overstreet v. Rhodes*, 212 Ga. 521 (93 SE2d 715), and cases cited therein, applies generally to situations where the lessee seeks to avoid an obligation to pay rent, an issue not present here, and pleads constructive eviction as an affirmative defense. Moreover, we consider it immaterial whether the alleged acts or omissions resulted in a constructive eviction, for it is manifestly clear that the real gist of the action is for damages resulting from and proximately caused by negligence or trespass, as shown by the alleged facts and irrespective of the legal terminology applied to the condition resulting therefrom.

■ Enumerations 14, 15, and 16 in Case No. 43215 are directed to the overruling of demurrers attacking the claim for punitive damages, the contention being that no facts are alleged to justify an award of punitive damages. "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." *Code* § 105-2002. "Punitive damages are only to be given if there be circumstances of aggravation. Whether there be such circumstances or not, is a question for the jury, and not the court." *Ransone v. Christian*, 49 Ga. 491, 505. "It is always exclusively a question for the jury to determine when such additional damages should be allowed, as well as the amount of such damages." *Batson v. Higginbothem*, 7 Ga. App. 835, 839 (68 SE 455). The allegations which the demurrant seeks to eliminate refer to the alleged tortious conduct under the first count as showing an "entire want of care" creating "a presumption of conscious indifference," and under the second count as being "in reckless disregard of plaintiff's rights, amounting to a wilful and intentional violation" and showing "a total, wanton, reckless, crass and conscious disregard," and a stated amount is sought as punitive damages. Even if these descriptions be nothing more than conclusions, they must be read in the light of the actual alleged acts and omissions of the defendant; and under the rulings set forth above, the circumstances as shown by the pleadings under both counts are sufficient to withstand the demurrers and leave for jury determination, upon proper proof and in the event of

■

recovery, the determination of whether there are aggravating circumstances entitling the plaintiff to additional damages.

■ The first four enumerations of error in Case No. 43216 are directed to the sustaining of demurrers of Fulco and Townsend attacking claims for expenses of litigation as alleged in the original petition. In Paragraph 21 of the first count the plaintiff alleged that the defendants jointly and severally acted in bad faith and were stubbornly litigious, requiring the plaintiff to employ attorneys to prosecute the present case and to defend an action by Fulco's insurance carrier in the United States District Court against all the parties in the present case, seeking a declaratory judgment on the issue of insurance coverage, for which $5,000 is sought as the expenses of litigation. In Paragraph 10 of the second count these same allegations are incorporated by reference. The demurrers as to the first count are to the effect that the allegations improperly inject the issue of insurance coverage into the pleadings (and in this respect, the defendants move to strike the allegations), that the alleged bad faith is a conclusion unsupported by alleged facts, that no alleged facts entitle the plaintiff to attorney's fees in the present action, and that the alleged facts affirmatively disclose that the other action was not at the instigation of the defendants, who are involuntary participants therein along with the plaintiff in the present case. The latter two grounds are repeated as to the second count.

"The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." *Code* § 20-1404. The courts have treated this codification of the common law, which appears in the Code under the chapter relating to breach of contracts and damages therefor, as particularly applicable to tort actions. See *Traders Ins. Co. v. Mann*, 118 Ga. 381, 384 (45 SE 426). Wilful violation of the rights of another entitles the person wronged to recover the expenses of litigation. *Piedmont Cotton Mills v. H. W. Ivey Const. Co.*, 109 Ga. App. 876 (137 SE2d 528) ; *City of Dublin v. Hobbs*, 218 Ga. 108, 110 (126 SE2d 655). "Where there is a bona fide controversy for the tribunals to settle, and the parties cannot adjust it amica-

bly, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation." *Tift v. Towns,* 63 Ga. 237, 242. Whether a plaintiff is entitled to attorney's fees is ordinarily an issue for jury determination, but allegations which fail to show that the plaintiff may be entitled to attorney's fees are subject to demurrer as to such a claim. See *Murphy v. Morse,* 96 Ga. App. 513, 516 (100 SE2d 623); *West v. Haas,* 191 Ga. 569, 575 (13 SE2d 376).

The original allegations of the petition show two distinct claims for the expenses of litigation, for prosecuting the present action, and for defending the action brought by the insurer. The former is controlled by the provisions of *Code* § 20-1404, and when viewed together with the other allegations of each count, is sufficient to create an issue, upon proper proof, for jury determination. The latter is a claim outside the scope of *Code* § 20-1404, but as alleged does not appear to be the legal and natural consequence of the tortious acts alleged. Whatever the reason why Fulco's insurance carrier sought a declaratory judgment as to insurance coverage, nothing appears in the petition to show that Fulco or any other alleged tortfeasor caused the carrier to instigate the action or to name the plaintiff in the present case as a party thereto, along with the defendants in this case. If the plaintiff had shown a valid claim for these expenses, however, the fact that it might reveal some kind of insurance coverage, if essential to pleading the claim, would overcome any objection by way of demurrer that such pleading injected the issue of insurance coverage into the case. See *Goldstein v. Johnson,* 64 Ga. App. 31, 35 (12 SE2d 92); *Barbre v. Scott,* 75 Ga. App. 540 (43 SE2d 771). We think the trial judge properly sustained the demurrers, including the motion to strike, to the extent that such order eliminated any claim for expenses of other litigation. He erred, however, to the extent that his ruling eliminated any claim for the expenses of the present litigation.

■ The next four enumerated errors in Case No. 43216 are directed to the sustaining of renewed demurrers to the amended allegations seeking recovery for the expenses of litigation. In each count the plaintiff amended the petition by deleting the previous allegations and substituting in lieu thereof allegations

as to each count showing a claim for $2,000 for expenses incurred in the declaratory judgment proceedings. The trial judge did not err in sustaining the demurrers to these amended allegations for the reasons stated in the preceding division of this opinion.

■ Finally, in Case No. 43216, it is contended that the trial court erred in requiring the plaintiff to rewrite the entire petition to conform to the orders on demurrer. At this stage in the proceedings the petition had been twice amended and the court had ruled on numerous grounds of demurrer, thus creating a record which was difficult to follow. We think it is a commendable practice, in the exercise of a sound discretion on the part of the trial judge, to require the plaintiff under these circumstances to rewrite his petition so as to show in one document a pleading conforming to the various rulings of the court, even though on appeal some of the previous rulings might ultimately be held to be error.

■ The first enumerated error in Case No. 43217 is directed to the overruling of the general demurrers of the defendant Law to the petition as finally amended.

It is quite clear from the petition that the plaintiff had a property right in the premises, including the right to a roof in good order (see *Ammons v. Central of Ga. R. Co.*, 215 Ga. 758, 761 (113 SE2d 438)) and that the landlord hired Law under an agreement authorizing Law (inferentially, at least, as an independent contractor) to cut holes in the roof and remove the materials for testing, without imposing upon Law any direct contractual obligation to cover the holes, and that Law, without the knowledge or consent of the tenant, cut a hole in the roof over the area leased to the tenant. It is also equally clear from the petition that the action rests on the theory that the cutting of the hole and the failure to cover it properly combined to produce the tenant's injuries. In *Kulman v. Sulcer*, 99 Ga. App. 28, supra, at page 33, this court in considering rulings on special demurrer expressly approved the analysis of the trial court in an analagous situation, which included the following language: "The gist of this action is (1) removing the roof (2) without providing a substitute to protect plaintiff against the elements. If the plaintiff sues for a trespass, then under the allegations of

the plaintiff's petition all the defendants participated in the trespass jointly because (1) (The owners) caused the trespass by authorizing (having no right to authorize the violation of the plaintiff's right to a roof); (2) Livingston procured, and (3) Barwick did the act. The trespass consisted of the two elements referred to: (1) removing the roof and (2) not providing a substitute. It is really the act of removing the roof. While providing a substitute roof to protect the plaintiff from the elements may have prevented the removal from being a trespass, it was actually the removal of the roof per se which brought about the plaintiff's alleged damages. . . Each (set of defendants) is independently charged with negligence which is alleged to have concurred in bringing about the alleged damage to the plaintiff."

The controlling question in Case No. 43217, on general demurrer of the defendant Law, is whether the allegations show the violation of any duty to the tenant by this defendant in performing the contract with the landlord which shows actionable negligence or trespass as against this defendant. We do not think that Law should hide under the cloak of the contract with the landlord, and avoid liability on demurrer merely because the act of cutting a hole in the roof was authorized without any contractual obligation to cover the roof, i.e., as stated by counsel, "Law performed the job it was employed to do." Instead, we think Law had an obligation to provide immediate safeguards for the protection of the tenant's property. See *Bodin v. Gill*, 216 Ga. 467, 472 (117 SE2d 325); *E. & M. Constr. Co. v. Bob*, 115 Ga. App. 127 (153 SE2d 641); *City of Albany v. Oxford Constr. Co.*, 221 Ga. 872, 874 (148 SE2d 324). It is clearly foreseeable that the act of removing a roof, or a portion thereof, may be productive of injury from the elements unless immediate provision is made for a substitute covering. "It is sufficient if, by exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." *Mitchell v. Schofield's Sons Co.*, 16 Ga. App. 686, 690 (85 SE 978).

Nevertheless, this court affirmed the lower court in *Queen v.*

118

*Craven,* 95 Ga. App. 178 (97 SE2d 523), excusing the contractor from liability for the removal of a porch pursuant to a contract with the owner, when an occupant of the dwelling, unaware of the removal, opened a door which had led to the porch and fell, by a determination that in the absence of a showing that the work was a nuisance, or inherently or intrinsically dangerous, or imminently dangerous to third persons, it was necessary to show that the work was still going on and under the control of the contractor, and that from the absence of such an allegation, it is reasonably inferable that the work had been completed and accepted by the owner, which under the well established general rule relieves the contractor, but not his employer, of liability. Applying this ruling to the alleged facts of the present case, whatever liability arose on the part of the contractor in creating the defect in the roof which ultimately produced the plaintiff's injuries is not actionable as against the contractor, unless it is made to appear from the allegations that the work was still in progress and had not been completed and accepted by the landlord, for otherwise the inference arises that the landlord has accepted the work, and is answerable for any damages instead of the contractor, whether occasioned by negligence or trespass. Accordingly, we hold that the petition as finally amended and without further amendment fails to state a cause of action against Law Engineering Testing Company.

In view of the foregoing the remaining issues raised in Case No. 43217, and in the cross appeal thereto, Case No. 43218, are moot and require no ruling.

*Judgment affirmed in Case No. 43215; affirmed in part and reversed in part in Case No. 43216; reversed in Case No. 43217. Appeal dismissed in Case No. 43218. Deen and Quillian, JJ., concur.*