## 51299. KAPLAN v. SANDERS.

Evans, Judge.

Ben Kaplan owned an apartment in the City of Atlanta which he rented to Troy Sanders. Kaplan brought a dispossessory warrant. He contends that Sanders failed to pay rent and was a tenant holding over; that he had demanded possession of the premises and possession had been refused.

Defendant, Sanders, filed an answer, admitting that

he was a tenant in possession of the described premises of Kaplan, but denied the other averments in the affidavit for dispossessory warrant. Defendant filed two counterclaims. In the first counterclaim he contended the dwelling was unfit for human habitation or occupancy within the meaning of the Atlanta Housing Code, and that the plaintiff wilfully, wantonly and maliciously continued to rent the same and that such conduct was an intentional tort against the defendant. Defendant contended as a result he suffered damages in the loss and destruction of food, clothing, and furniture, and he sought special, general and punitive damages of plaintiff. The second counterclaim sought damages in the amount of $200 for breach of warranty in that there was a reduction of rental value of the apartment during the entire period of time the defendant had resided there.

Plaintiff filed motions to strike, to dismiss and for summary judgment. The court denied plaintiff's motions, and plaintiff appeals. *Held:*

1. While Code Ann. § 20-1405 clearly states that exemplary damages can never be allowed in cases arising on contracts, it appears from the first counterclaim that the defendant seeks damages resulting from alleged wilful and malicious torts in failing to keep the premises in repair and safe for occupancy in violation of laws and ordinances which amount to breach of duty imposed by law independent of the landlord-tenant relationship. See *E & M Const. Co. v. Bob,* 115 Ga. App. 127, 128 (153 SE2d 641), and cits.; *Mauldin v. Sheffer,* 113 Ga. App. 874 (150 SE2d 150); *Sutker v. Pa. Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694); *Townsend & Ghegan Enterprises v. W. R. Bean & Son, Inc.,* 117 Ga. App. 109, 113 (159 SE2d 776). The court did not err in failing to strike defendant's counterclaim.

2. Under our present notice pleadings as provided for in the Civil Practice Act, even though this is a special statutory dispossessory warrant to remove a tenant holding over, defendant might raise by counterclaim any claims he has for damages. The pleadings must be construed most strongly in favor of the pleader who is entitled to the most favorable inferences that can be drawn from the complaint, even though contrary

inferences are also present. *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260); *Hunter v. A-1 Bonding Services, Inc.,* 118 Ga. App. 498 (2) (164 SE2d 246); *Herndon v. Aultman-Beasley, Inc.,* 127 Ga. App. 743, 744 (195 SE2d 250); *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377). The court did not err in denying plaintiff's motion to dismiss.

3. The foregoing division does not conflict with that law which provides that a defendant is not entitled to sue the plaintiff in every lawsuit that is filed; nor with that law which holds that defendant cannot contend the law suit is brought maliciously and without probable cause, and that plaintiff should be required to pay defendant for such conduct. These cases are usually found under the statutes which relate to malicious use and/or malicious abuse of legal process, or of malicious prosecution. See *Fender v. Ramsey & Phillips,* 131 Ga. 440 (2) (62 SE 527). Also see *Alexander v. C & S Nat. Bank,* 212 Ga. 295 (4) (92 SE2d 16), and cits.

In the present action the defendant seeks damages which arise under the same contract or transaction and he is allowed to seek damages in the same action under the more liberal law which has been created by the New Civil Practice Act, which went into effect in 1967.

4. The motion for summary judgment was made after considerable discovery. But construing all evidence of the parties most strongly against the movant, issues of fact remain for determination by a jury. See *Giant Peanut Co. v. Carolina Chemicals Co.,* 129 Ga. App. 718, 719 (200 SE2d 918); *Goodman v. Ragans,* 124 Ga. App. 648 (185 SE2d 591); *Sport Shop v. Churchwell,* 131 Ga. App. 718 (206 SE2d 715); *Jaffe v. Davis,* 134 Ga. App. 651 (215 SE2d 533). Questions of whether or not defects in a dwelling are patent or latent and whether or not the landlord promised to repair patent defects, are generally questions for the jury. See *Desvergers v. Marchant,* 18 Ga. App. 248 (1b) (89 SE 221); *Plant v. Lowman,* 134 Ga. App. 752, 753 (216 SE2d 631). The landlord must keep the premises in repair and is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair. Code §§ 61-111, 61-112. *Stack v. Harris,* 111 Ga. 149 (36 SE

615); *Townsend & Ghegan Enterprises v. W. R. Bean & Son, Inc.,* 117 Ga. App. 109, 113, supra. Since issues of fact remain, the motion for summary judgment was properly denied.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 17, 1975 — REHEARING DENIED DECEMBER 4, 1975 — 

*Jeffrey L. Sakas, Israel Katz,* for appellant.
*Richard D. Ellenberg,* for appellee.