### 30851. KAPLAN v. SANDERS.

JORDAN, Justice.

Certiorari was granted in this case to review the rulings of the Court of Appeals in regard to the issue of punitive damages in the first counterclaim of the tenant Sanders to the dispossessory warrant proceeding of the landlord Kaplan. See *Kaplan v. Sanders,* 136 Ga. App. 902 (222 SE2d 630) (1975).

In his first counterclaim Sanders alleged that he rented an apartment from Kaplan which had detailed defects, including the absence of an operable electric and gas system, poorly fitting windows and doors, and inadequate bathroom facilities. It was alleged that: These defects constitute obvious violations of Code § 61-111 and stated sections of the Atlanta Housing Code, and the apartment meets the definition of a dwelling which is "unfit for human habitation or occupancy" within the meaning of a stated section of the Atlanta Housing Code. "The conduct of the plaintiff [Kaplan] in originally renting and continuing to rent to the defendant the apartment containing the defects and unlawful conditions described above was wilfully, wantonly, and maliciously engaged in by the defendant in complete disregard of and in obvious violation of the common law and statutory duties which the defendant owed and continues to owe to the defendant." As a direct result of the conduct of Kaplan, he has suffered the loss and destruction of food, clothing, and furniture of the value of $50, and has been required to purchase $30 worth of coal. The intentional and tortious conduct of Kaplan was accompanied by aggravating circumstances, relating to both his acts and intentions, and he is entitled to $20,000 in exemplary damages as provided by Code § 105-2002.

Kaplan moved to dismiss and strike Sanders'

demand for exemplary damages in his first counterclaim. A motion for summary judgment was filed by Kaplan as to a number of separate issues, one of these being the right to recover punitive damages under the first counterclaim of Sanders.

The motions to dismiss and strike Sanders' demand for exemplary damages in his first counterclaim were denied. The motion for summary judgment was denied as to all issues. The Court of Appeals affirmed each of these orders.

1. The Court of Appeals in Division 1 of its opinion held that in the first counterclaim "the defendant seeks damages resulting from alleged wilful and malicious torts in failing to keep the premises in repair and safe for occupancy in violation of laws and ordinances which amount to breach of duty imposed by law independent of the landlord-tenant relationship," and that the trial court did not err in failing to strike Sanders' counterclaim.

While we agree with the ruling of the Court of Appeals that the first counterclaim was not subject to dismissal, we cannot agree with the inference in this ruling that the mere breach of the duty to repair rented premises would authorize the imposition of punitive damages.

In this division the Court of Appeals cited *Mauldin v. Sheffer,* 113 Ga. App. 874 (150 SE2d 150) (1966); *E & M Const. Co v. Bob,* 115 Ga. App. 127, 128 (153 SE2d 641) (1967); *Sutker v. Pa. Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694) (1967); and *Townsend & Ghegan Enterprises v. W. R. Bean & Son,* 117 Ga. App. 109, 113 (159 SE2d 776) (1968). In the *Sutker* case, supra, the Court of Appeals held that no cause of action was set out. In the other cases, except for the last one, the question determined was whether the plaintiff had a cause of action in tort for the negligent performance of a contract, and the issue of punitive damages was not involved. In *Townsend & Ghegan Enterprises v. W. R. Bean & Son,* supra, the question of punitive damages was ruled on, but in that case the damage alleged was caused by a trespass of the landlord, and not by a mere nonperformance of his duty to keep the premises in repair.

It is the general rule that the mere nonperformance

of a duty, even though it be one required by law, will not authorize the recovery of punitive damages. *Chattanooga, Rome & Columbus R. Co. v. Liddell,* 85 Ga. 482, 495 (11 SE 853) (1890); *Southern R. Co. v. Davis,* 132 Ga. 812 (3) (65 SE 131) (1909); *Southern R. Co. v. Phillips,* 136 Ga. 282 (2) (71 SE 414) (1911); *Southern R. Co. v. Nappier,* 138 Ga. 31 (5) (74 SE 778) (1912).

"To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903); *Investment Securities Corp. v. Cole,* 186 Ga. 809 (199 SE 126) (1938); *Standard Oil Co. v. Mt. Bethel Church,* 230 Ga. 341 (4) (196 SE2d 869) (1973).

The failure of the landlord to keep rented premises in repair as required by Code § 61-111, and the failure to comply with provisions of the Atlanta Housing Code setting up standards for housing in the City of Atlanta, would be relevant on the issue of ordinary damages to the property of the tenant, but the violation of such provisions would not per se authorize the imposition of punitive damages.

Under notice pleadings we cannot say that no state of facts could be proved to support a claim for punitive damages growing out of the landlord-tenant relationship, and for this reason we affirm the ruling of the Court of Appeals affirming the denial of the motions to dismiss and strike the first counterclaim.

2. The record contains considerable evidence by way of interrogatories, depositions, and affidavits. In answer to questions to Sanders on deposition, he testified that the damage of $50 claimed by him was to food and clothing. He stated that the food damage was caused by rats, and the clothing damage, to clothing hung near a window, was caused by rain.

While the evidence was in conflict as to whether Kaplan had made all reasonable effort to repair the apartment rented by Sanders, there was no evidence of conduct on his part related to the damages claimed by Sanders which would authorize the imposition of punitive

damages.

It was therefore error for the trial judge to refuse to grant Kaplan's motion for summary judgment on the issue of punitive damages, and the Court of Appeals erred in affirming this ruling.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED APRIL 13, 1976 — DECIDED JUNE 23, 1976.

*Israel Katz,* for appellant.
*Richard D. Ellenberg,* for appellee.