**Milena S. PALMQUIST, Plaintiff,**

v.

**PIPER AIRCRAFT CORP., et al., Defendants.**

**Civ. A. No. 1:90–CV–0587–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 8, 1991.

Michael Hilliard Schroder, Thomas Daryl Martin, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for plaintiff.

Francis C. Schenck, John Russell Phillips, Greene, Buckley, Jones & McQueen, John Allen Howard, Fortson & White, Deborah A. Finnerty, Sewell K. Loggins, Mozley, Finalyson & Loggins, Atlanta, Ga., Edgar Glenn Parr, Vera Beach, Fla., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff's motion to compel discovery from defendant Aerostar Transport Corporation. Plaintiff seeks discovery of defendant Aerostar's corporate tax returns for the years 1989 and 1990 and discovery of the "financial circumstances" of Aerostar. Other than the tax returns, it is unclear what information plaintiff seeks. The motion addresses only defendant Aerostar's objection to Plaintiff's Request for Production of Documents Number Ten which requests the tax returns.

Plaintiff states that the information sought is relevant to the issue of punitive damages under O.C.G.A. § 51–12–5.1, which was enacted in 1987 as part of the Georgia Tort Reform Act. That section provides for an award of damages to "punish, penalize, or to deter a defendant." O.C.G.A. § 51–12–5.1(c). Paragraph two of subdivision (d) specifically provides for admission of evidence to determine "what amount of damages will be sufficient to deter, penalize, or punish the defendant in the light of the circumstances of the case." The clear language of the statute indicates that the financial circumstances of a defendant are relevant to the issue of damages.

In a footnote to *Hospital Authority of Gwinnett Co., et al. v. Jones*, the Georgia Supreme Court stated that under the new law, "evidence of the financial circumstances of the defendant may be admissible." 259 Ga. 759, n. 13, 386 S.E.2d 120 (1989). The court also recommended that the trial courts, "even under the new statute ... consider charging the jury on factors appropriate to the verdict." Defendant argues that the court's statements in the footnote were only *dicta* and are insufficient to justify a conclusion that Georgia law makes evidence of a defendant's financial condition relevant and admissible under O.C.G.A. § 51–12–5.1. The court disagrees.

 In diversity actions, this court is bound to apply Georgia law as would a Georgia court. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When there is no controlling state court precedent, federal courts "must nonetheless decide ... issue[s] as we believe a [Georgia] court would decide [them] ...," *Green v. Amerada–Hess Corp.*, 612 F.2d 212, 214 (5th Cir.1980) (cited in *Wammack v. Celetox Corp.*, 835 F.2d 818, 820 (11th Cir.1989)). The court finds that the language of the statute and the statements in *Jones*, although *dicta*, support plaintiff's position.

Nonetheless, plaintiff is not entitled to discover the income tax returns. Under O.C.G.A. § 51–12–5.1(b),

Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's action showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

The complaint contains allegations of willful, reckless and wanton disregard for life or property by defendant Piper Aircraft Corporation. As to defendant Aerostar Transport Corporation, the complaint alleges only that the defendant "was negligent in its nondelegable duties related to its ownership and maintenance obligations, including the violation of applicable federal regulations...." It is well settled law in Georgia that "the mere nonperformance of a duty, even though it be one required by law, will not authorize the recovery of punitive damages." *Kaplan v. Sanders*, 237 Ga. 132, 133–34, 227 S.E.2d 38 (1976). The allegations of the complaint are, therefore, insufficient to support an award of punitive damages against defendant Aerostar Transport Corporation. Plaintiff's motion to compel is DENIED.

SO ORDERED.