FREIDENBURG & COMPANY *vs.* JONES *et al.*, executors.

1. A judge trying by consent a cause as judge and jury, will not be controlled in the exercise of his judgment in applying legal principles to the facts as he finds them, if contested or disputed; therefore, while a landlord is bound to a tenant of rooms on a lower floor for damage done by the improper construction of bath-rooms above, yet when the evidence is conflicting in respect to the construction, this court will not control the judgment of the judge finding them properly constructed, there being evidence to that effect.

2. In order that the landlord shall relieve himself from liability to the tenant below, caused by the overflow of water from a bath-room above, though properly constructed, and remit the tenant to an action against the co-tenant above, he must show that said co-tenant had the exclusive right of possession and user of the bath-room; and where such bath-room was unquestionably at the time at least as much under the right to control and occupy it of the landlord as of the co-tenant, the landlord will be liable for damages to the tenant below.

Practice in the Superior Court. New trial. Landlord and tenant. Damages. Before Judge HARDEN. City Court of Savannah. May Term, 1879.

Freidenburg & Co., who were tenants of Jones *et al.*, executors, brought case against the latter for damages arising from the leaking of water from the upper floor of the building, which was not occupied by plaintiffs, into that portion which they did occupy. It was alleged that on the upper floor was a bath-room, and that the landlords carelessly caused or permitted water to run from a certain pipe into the bath-tub and thence to the floor, from which it ran into the store occupied by plaintiffs, and caused damage. Defendants pleaded the general issue. On the trial they sought to show, among other things, that the bath-room was appurtenant to two rooms; that one of them was vacant and the other occupied by one Brown, who had the key to the outside door connecting with both; and therefore that he alone was in control of the bath-room,

and was responsible.    Plaintiffs replied that defendants had control over the vacant room; and right of access thereto; that the bath room was appurtenant to it, as well as to Brown's room; and therefore defendants were responsible.

The case was tried by the judge without a jury.    He held that the landlords were constructive, but not actual, co-tenants with Brown; that the damage did not result from improper construction of the bath-tub, but from negligent use of the water by Brown; and that, it being without the knowledge or consent of defendants, they were not liable.    Plaintiffs excepted.

For the other facts, see the opinion.

W. S. CHISHOLM; R. T. ERWIN, for plaintiffs in error.

J. R. SAUSSY, for defendants.

JACKSON, Justice.

This case was tried without the intervention of a jury, and of course, under the repeated rulings of this court, the same power of judging of facts and the same indisposition to interfere therewith on the part of this court, will be accorded to the court below, acting both as jury and judge, as would be accorded to the jury in the first place and to the judge on a motion for a new trial, in ordinary cases where the two jurisdictions, so to speak, are not united.

In the points where there is any contest about facts, the judge, acting as a jury, will be allowed to settle them to the same extent that a jury would be permitted to go; and where there is no dispute, the fact admitted or proven without contest will be held as the truth, and the judgment of the court as the law applied to such fact by the judge, just as he would have charged the law arising thereon to the jury.

The principles of law applicable to the facts here seem to us to be these:

1. First, if damage result to a tenant of the lower floor of

a building by reason of the escape of water from the bath-tubs constructed and used above by reason of improper construction thereof, the landlord will be liable, though the room containing the water-arrangements be rented out to a tenant, and that tenant have the exclusive right and control thereof; secondly, if the bath-fixtures be properly constructed, then the landlord is not liable, but the tenant will be, if the tenant be in exclusive control and possession of the water-closets; but if landlord and tenant both have the right of possession, and neither the exclusive right, then the landlord is liable to the tenant below, at least in the first instance, leaving it to him to reimburse himself out of the tenant above, if he can prove that that tenant, by his negligent use of the bath-tub, caused the damage.

Applying these principles to the facts which seem to be clear from the record now before us, let us see whether the judgment of the court below was right.

In respect to construction, the evidence is conflicting, and we are not prepared to say that the court, acting as a jury, did not have sufficient evidence to support its finding that the water-works were constructed properly, at least sufficiently so to have insured against this damage, but for negligent use.

2. But the facts seem to be clear that the tenant rented the bath-room as appurtenant to the room which he used, but did not rent it exclusively. It was appurtenant not only to the room which he rented, but to another room, which the landlord had rented to nobody, but of which he had the control, so that it would seem that the landlord and tenant on the upper floor, to put the case as strongly for the landlord as we may from the evidence, each had the right of entry and possession of the bath-room. Indeed, this room, in which the water fixtures were arranged, seems to have been opened upon a sort of ante-room or entrance to the room the tenant rented, as well as to that the landlord retained; and that hence to have access to the room he retained, the landlord must have passed through the en-

trance to the bath-room, it being the entry to both apartments.

It is true that a folding door led to this ante-room or entry from the hall without, and that the tenant had the only key thereof; but the landlord had the right to another key if he wanted one, and the right of entry. It is also true that the landlord did not actually occupy the other upper room, but he had exclnsively the right to enter it, and to enter it necessarily from the entrance to the bath-room.

Therefore, if it be law that before the landlord can relieve himself from liability to his tenant on a lower floor from damage done by the landlord's property on the upper floor, by showing that he had transferred to another tenant the entire right to use and occupy the property, the negligent use of which caused the damage, then in this case the landlord has not shown such exclusive right of user by the facts, and the judgment of the court below is wrong, and a new trial must be awarded. That the landlord must have so parted with the entire possession, and the exclusive right of possession, seems well settled. Inhabitants of Milford vs. Holbrook, 9 Allen, 17; 8 American Reports, 318, 354; 24 *Ib.*, 54; 14 Gray, 279.

See also 20 Am., 238; Taylor's Land. & Ten., §24; Sher. Red. Neg., §§501, 512, 513, 514.

*White & Co. vs. Montgomery*, 58 *Ga.*, 204, far from being repugnant to this principle, sustains and upholds it. There the tenant had the entire possession and exclusive control, and exclusive right to control, the upper floor. There, we say, that "the use of the tenements really belongs to the tenant during the lease; they are his property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented."

Of course, in such a case, where the bath-tubs were properly constructed, the landlord is not and ought not to be liable; but in a case where he has the right to enter,

where he has the joint right of possession of the bath-room, through the entry of which he must go to get to that part he has not rented to anybody, and where he kept a janitor to keep it in repair, then he is liable.

Judgment reversed.