JONES *et al.*, executors, *vs.* FREIDENBURG & COMPANY.

Two rooms were situated on the fifth floor of a building, and had a bath-room and water-closet appurtenant to both. One of the rooms was rented to and in the exclusive possession of a tenant, the other was not, but remained in the control of the landlord, although he allowed the tenant to carry the key to a door which opened into a hall-way common both to the occupied and unoccupied room. Damage occurred to tenants on floors beneath by careless use of the bath-room:

*Held*, that under the decision in 63 *Ga.*, 612, the landlord was liable, although not personally concerned in such negligent use.

Landlord and tenant. Damages. Negligence. Before Judge HARDEN. City Court of Savannah. July Term, 1880.

Reported in the decision.

J. R. SAUSSY, for plaintiffs in error.

CHISHOLM & ERWIN, for defendants.

CRAWFORD, Justice.

The defendants in error rented the first four stories of a building in the city of Savannah, in which they were carrying on a grocery business. Their goods suffered damage by reason of an overflow from the water-closet and bath-room in the fifth story, and they brought suit against their landlord to recover their losses. Under the evidence the judge, sitting as court and jury, found for the defendants, and the case was brought to this court, where the judgment below was reversed and a new trial ordered. Upon this new trial the judge, sitting as before, decided the case in favor of the plaintiffs, and for the sum of $681.67, to which finding the defendants excepted, and complain of the same as error.

The questions of law involved in this case were ruled in 63 *Ga.*, 612, and are,

First, that where a tenant on a lower floor is injured by the flowing of water from the bath-tubs and water-fixtures situated above, he has a right of action against the landlord, if the overflow results from their improper construction, and this liability exists without reference to the occupation of the upper apartment by another tenant.

Second. If the construction be skilfully planned and safely executed against overflow, and the upper apartments are rented to, and in the exclusive control and possession of, a tenant, then the landlord is not liable, and the person damaged must look to his co-tenant for his losses, if he can fix negligence upon him.

Third. Where the upper rooms are not rented to, nor in the exclusive control of, a tenant, but both landlord and tenant have the right of possession, and neither the exclusive right, then the landlord is liable to the tenant below.

The law having been thus settled by this court in this case, it is only necessary to inquire whether the landlord had parted with his right of possession and control over the bath-room, fixtures and apartments from whence the damage flowed, as upon this turns the error assigned.

It appears from the testimony that there were in the fifth story two rooms in that end of the building, a north room and a south room, separated from each other " by a partition with windows, a glass partition." At the front side, and southwest corner of the north room is cut off a little vestibule, and bath-room with water-closet, which belonged and were appurtenant to each room, and were put in for the common benefit of both. When the south room was rented to Brown, nothing was said about the water-fixtures, as he had the right to use them by reason of his occupancy of the room. He only wanted one of the rooms, preferred that and rented it, which gave him its exclusive use, with a right simply to use the closet, but not exclusively.

If, then, he had no exclusive right to the closet, there

must have been another who shared it with him, and if unrented it could have been none other than the landlord. Unless, therefore, we are to reverse the judgment pronounced in this case, or there be some fact to take it out of the ruling heretofore made, he would be liable to answer in damages.

But it is said that the tenant had the only key to the folding doors opening into a common hall. If that fact were true, it did not give him the right of possession to both rooms and the closet, to the exclusion of the landlord or any tenant to whom he might rent. By the ruling in this case, until the landlord had put the rooms in the exclusive possession and control of a tenant, he could not discharge himself from liability as the landlord, whose duty it was to protect his tenants below from damage from that portion of the building over which he had not parted with control.

Brown rented only one room ; from that he could exclude the landlord but from none other. If the landlord allowed him the use of a key which also led into the other, his use of the key and the room was the landlord's, and not of right his own The liability arises from negligence, and that there was negligence there is no question. It is immaterial whether the landlord did the damage by his own act or that of another. As to the bath-room and closet, the agent of the defendants, in the court below, testifies that Brown was not the tenant of that room only by reason of its being appurtenent to both north and south rooms, that there was nothing said about it on the rental. If not the tenant, and he had the access to it, then he was *quoad hoc* the agent of the landlord and he must answer for his acts.

The landlord must see to it that he does not imperil the safety of the property of his tenants, by entrusting to another the control and management of business that requires diligence ; if he does, and damage ensues, he will

not be permitted to reply that because it was not his own personal act, he is not to be held responsible.

We think, therefore, that the decision of the court below, whatsoever may have been the reasons that prompted it, was correct under the ruling in 63 *Ga.*, 612, and must be affirmed.

Judgment affirmed.