7101, 7102.   ADAIR *v.* ALLEN; and *vice versa.*

WADE, C. J.  1.  The appellate division of the municipal court of Atlanta is invested with power "to grant or refuse new trials . . . upon the same grounds upon which new trials may be granted in the superior courts of this State, and according to the same method of procedure, except as it may be hereinafter provided." Acts of 1913, pp. 145, 167, sections 41, 42. "Upon the hearing before the appellate division, the Chief Judge shall pass an order sustaining or overruling said motion," etc. Id., sec. 42 (f). The act creating the municipal court of Atlanta confers upon the appellate division of that court no power to mold judgments, or to do more, in passing upon an appeal, than to grant or refuse a new trial. *Cheshire* v. *Western Union Telegraph Co.,* 16 *Ga. App.* 790 (86 S. E. 405); *Dearing* v. *Bailey Electric Co.,* ante, 124 (88 S. E. 907).

(a) It is therefore apparent that the judgment of the appellate division of said court, on July 1, 1915, in so far as it attempted to decide whether or not the trial judge erred in striking that portion of the counter-affidavit of the defendant, which attempted to recoup damages against the demand of the plaintiff, and to adjudge that the alleged damages might be considered in abatement of the claim for rent, was not within the purview of its powers, and hence constituted no binding judgment which, unexcepted to, would preclude the plaintiff from urging a like objection to such plea of recoupment at a subsequent trial.

2.  A covenant for quiet enjoyment of the premises is necessarily implied in every lease, but such a covenant goes only to the extent of engaging that the landlord has a good title and can give a free and unencumbered lease of the premises for the term stipulated, and does not amount to an undertaking on his part that the premises leased are suitable or fitted for the particular use for which they are intended by the lessee, or that the lessee will not be disturbed or annoyed in the conduct of such business by the acts or omissions of a cotenant in exclusive possession, under the landlord, of another portion of the same building or of an adjacent building, in which the cotenant is conducting a lawful business.

3.  "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant. But he is responsible to others for damages arising from defective construc-

tion, or for damages from failure to keep the premises in repair."
Civil Code, § 3694. "The tenant is not the agent of the landlord, in
the sense that the latter is responsible for the damages which result to
third persons from the illegal or negligent use of the rented premises
by the former." *White* v. *Montgomery*, 58 *Ga.* 204 (2). In respect to
each other cotenants are strangers; and if damage to one tenant be
caused, "not by any act or negligence to repair of the landlord, but by
the fault exclusively. of the cotenant, such cotenant, and not the land-
lord, would be liable." Id. 207. "Whatever may be the character of
the nuisance, the action must of course be brought against the person
who creates or the one who maintains the same. Even in case of in-
jury from a private nuisance the landlord will not be liable, where
the tenant had exclusive possession of the premises, and where the
nuisance was created by the tenant. *Freidenburg* v. *Jones*, 63 *Ga.* 612;
*Jones* v. *Freidenburg*, 66 *Ga.* 505 [42 Am. R. 86]; *Edgar* v. *Walker*,
106 *Ga.* 454 (2) [32 S. E. 582]." *Gardner* v. *Rhodes*, 114 *Ga.* 929, 933
(41 S. E. 63, 57 L. R. A. 749). In this case there was no claim for dam-
ages resulting from defective construction or from failure to repair the
premises. See also *Lumpkin* v. *Provident Loan Society*, 15 *Ga.* App.
816 (84 S. E. 216).

(a) The defendant sought to recoup, against the landlord's demand for
rent, damages on account of a nuisance created and maintained, so far
as the evidence discloses, by a cotenant, on premises in the exclusive
possession of the cotenant. There was no liability on the part of the
landlord, and the court erred in refusing, on the second trial of the
case, to strike the plea setting up such a claim for damages, and the
appellate division erred in refusing the grant of a new trial.

4. The court erred in admitting testimony as to alleged oral agreements
made by the plaintiff, the effect of which was to add to, contradict, or
vary the terms of the written contract between the parties.

5. It was error to exclude testimony tending to show that the lessor had
no control over the premises in which the alleged nuisance was created,
and had no connection whatever with the conduct of the business pro-
ducing the nuisance complained of.

6. The trial court erred in instructing the jury that under the lease be-
tween the parties, the plaintiff impliedly covenanted with the defend-
ant to give to the latter the quiet enjoyment of the leased premises, as
against the acts or hindrances of those holding under him; the effect of
this charge being to, authorize a recovery against the landlord of
damages on account of the conduct of other tenants holding under the
landlord and occupying other premises leased or rented from him, over
which the landlord himself retained no control whatsoever.

7. Other excerpts from the charge of the court, authorizing the jury to
find for the defendant any damages resulting from the act or acts of a
cotenant conducting a legal business in the premises rented by him,
with which business the landlord had no connection, were likewise
erroneous.

8. The various remaining exceptions need not be specifically considered,
since they are either without any substantial merit or relate to alleged

errors not likely to recur on another trial. The appellate division erred in overruling the motion for a new trial.

*Judgment reversed on the main bill of exceptions; cross-bill affirmed.*
DECIDED SEPTEMBER 21, 1916.

Distraint; from municipal court of Atlanta. November 20, 1915.

*Smith, Hammond & Smith,* for plaintiff.

*V. A. Batchelor,* for defendant.