A00A0398. MEDICAL ASSOCIATION OF GEORGIA et al. v. BLUE CROSS & BLUE SHIELD OF GEORGIA, INC.
A00A0399. AMERICAN MEDICAL ASSOCIATION v. BLUE CROSS & BLUE SHIELD OF GEORGIA, INC.
(536 SE2d 184)

JOHNSON, Chief Judge.

Doctors Joe Stubbs, Neal Kahn, Janice Johnston and Anthony Costrini entered into contracts with health insurance provider Blue Cross & Blue Shield of Georgia, Inc. The doctors contracted to provide medical services to Blue Cross members in exchange for reimbursement by Blue Cross of the usual, customary and reasonable fees for the services. The contracts provide that Blue Cross has authority to determine usual, customary and reasonable fees and that when the doctors' charges exceed the usual, customary and reasonable allowance, the doctors shall abide by Blue Cross' rules and regulations. The first paragraph of those rules and regulations confirms that a doctor's participation in the Blue Cross plan indicates an agreement to abide by such rules and regulations.

According to the rules and regulations, the usual, customary and reasonable fee program may be changed or supplemented when deemed advisable by Blue Cross in order to reflect changing conditions. The rules further provide:

> Reimbursement programs are subject to change, both generally, as to methodology, and specifically for certain customers, geographic areas, services or supplies. Participating Physicians will be notified of changes in reimbursement pro-

grams at least 30 days prior to the effective date of any change.

In 1997, Blue Cross notified physicians of such a change to its usual, customary and reasonable fee reimbursement program. At that time, Blue Cross changed the meaning of "usual, customary and reasonable" from the fee that doctors usually *charge* for a particular service to the fee that doctors in a given geographic area usually *receive* for a particular service.

Stubbs, Kahn, Johnston and Costrini, along with the Medical Association of Georgia, filed a declaratory judgment action against Blue Cross, claiming that it had improperly modified the definition of usual, customary and reasonable. The parties filed opposing motions for summary judgment. The trial court granted summary judgment to Blue Cross and denied summary judgment to the doctors and the Medical Association, finding that pursuant to the contracts and the rules Blue Cross had the authority to change the way it defined "usual, customary and reasonable" fees. The court also found that a motion to intervene filed by the American Medical Association was moot.

The doctors and the Medical Association of Georgia appeal from the trial court's summary judgment rulings in Case No. A00A0398, and the American Medical Association appeals from the denial of its motion to intervene in Case No. A00A0399. Although the American Medical Association filed a separate notice of appeal, it has not filed a separate brief but has joined in the brief filed by the doctors and the Medical Association of Georgia. Because the appealing parties have combined their appeals in a single brief, we will consider the appeals together.

1. The doctors and the Medical Association of Georgia claim that the trial court should have found that Blue Cross — by changing the definition of usual, customary and reasonable — breached its duty to perform under the contracts in good faith. The claim is without merit.

As the trial court noted in its ruling, there can be no breach of an implied covenant of good faith where a party to a contract does what that contract expressly allows it to do.[1] In this case, the contracts and the rules expressly give Blue Cross the authority to change its usual, customary and reasonable fee reimbursement program. Specifically, the rules provide that Blue Cross can change its methods of determining reimbursements under the program. By changing its method of determining usual, customary and reasonable fees from those fees

---

[1] *Greenwald v. Columbus Bank &c. Co.*, 228 Ga. App. 527, 529 (492 SE2d 248) (1997); *Whisenant v. Fulton Fed. Sav. &c. Assn.*, 200 Ga. App. 31, 33 (406 SE2d 793) (1991).

usually charged to the fees usually received, Blue Cross did nothing more than what the contracts and rules expressly allowed. By doing merely what the contracts allowed, Blue Cross did not breach its duty to act in good faith. The doctors and Association's claim of a breach of good faith provides no basis for reversing the trial court's summary judgment rulings.

2. The doctors and the Medical Association of Georgia argue that the court erred in denying them summary judgment and in granting summary judgment to Blue Cross because the payment terms under the 1997 amended rules are unascertainable and thus unenforceable. The doctors assert that they cannot determine if they are being properly compensated under the reimbursement plan because Blue Cross refuses to give them either a fee schedule or the precise methodology that it uses to determine the usual, customary and reasonable fees received for a particular service. Blue Cross admits that it refuses to give doctors its fee schedule.

We agree with the doctors that Blue Cross' refusal to provide participating physicians with a fee schedule and the precise methodology used to determine the usual, customary and reasonable fees for services is improper. A promise of future compensation must be for an exact amount or based upon a formula or method for determining the exact amount, and that amount or formula should be ascertainable from the contract.[2] Here, the exact method used by Blue Cross for determining payment amounts is not ascertainable from the contracts or from the rules and regulations. Without such fee information, there is no way for doctors to calculate for themselves whether they have been fully paid for a particular service under the plan. While the doctors agreed to abide by Blue Cross' rules and regulations, and while they agreed to allow Blue Cross to make changes to the reimbursement plan rules, the doctors never agreed to allow Blue Cross to keep its fee schedules and methods for determining fees secret. Such information is critical to the doctors so that they can ensure that Blue Cross is fulfilling its obligations under the contracts.

Because there exists a method for determining the fees to be paid, we do not agree with the doctors that the trial court should have declared the 1997 rules invalid and unenforceable. Rather, we believe the court should have ordered Blue Cross to make that information available to the doctors so they can protect their rights under the agreements. Accordingly, the trial court's failure to order such relief was error. We therefore reverse as to that judgment and remand the case with direction that the trial court order Blue Cross

[2] *Arby's, Inc. v. Cooper*, 265 Ga. 240, 241-242 (454 SE2d 488) (1995).

to provide the doctors with its fee schedule and the precise methodology that is used for determining payments.

3. The appellants' remaining arguments are unpersuasive, and they have shown no reversible error in the trial court's ruling that the American Medical Association's motion to intervene was moot.

*Judgment affirmed in Case No. A00A0399. Judgment affirmed in part and reversed in part and case remanded with direction in Case No. A00A0398. Pope, P. J., and Phipps, J., concur.*

DECIDED JUNE 19, 2000 —
RECONSIDERATIONS DENIED JULY 6, 2000 

*Epstein, Becker & Green, Richard H. Vincent, Kenneth G. Menendez, Gerald K. Domescik,* for appellants.

*Long, Aldridge & Norman, Bruce P. Brown, James A. Washburn,* for appellee.