A08A0675. MYUNG SUNG PRESBYTERIAN CHURCH, INC. v. NORTH AMERICAN ASSOCIATION OF SLAVIC CHURCHES & MINISTRIES, INC.

(662 SE2d 745)

ANDREWS, Judge.

After Myung Sung Presbyterian Church, Inc. (MSPC) leased a portion of its real property to North American Association of Slavic Churches & Ministries, Inc. (NAASCM), litigation ensued over the terms of the lease. MSPC appeals from the judgment entered on a jury verdict in favor of NAASCM, and for the following reasons, we reverse.

On March 9, 2000, MSPC leased a portion of its three-acre lot in the City of Norcross to NAASCM for the purpose of allowing NAASCM to place a temporary modular building on the lot. The lease term was for ten years with an option granted to NAASCM for an additional five years. As agreed rent under the lease, NAASCM granted MSPC certain rights to use of the modular building purchased by NAASCM and placed on the MSPC property pursuant to the lease. It is undisputed that when executing the lease both parties were aware that the modular building placed on the lot pursuant to the lease was in compliance with the City of Norcross zoning code only because the City's Zoning Board of Appeals had granted a zoning variance to MSPC on October 1, 1998, which authorized the placement of a modular building on the lot for a period of five years. It is also undisputed that, under the terms of the lease, NAASCM was granted a usufruct, not an estate for years, and therefore only MSPC, as the sole owner of the real property, had the right to apply for another zoning variance. See OCGA § 44-7-1. Accordingly, when the lease for the ten-year term (with five-year option) was executed on March 9, 2000, both parties were aware that only three and a half years remained before the zoning variance authorizing the modular building was scheduled to expire, and that only MSPC could apply

for another variance to allow the modular building to remain on the lot during the agreed lease term. Nevertheless, the lease was silent as to whether the parties intended as part of the lease agreement that MSPC was required to apply for another zoning variance. The lease did provide that: "In the event that the City of Norcross requires at any time in the future the removal of the modular unit building, it shall be the responsibility of [NAASCM] to have the building removed and [NAASCM] shall pay all costs of removing said building." After the five-year zoning variance expired without any attempt by MSPC to apply to the City of Norcross for another variance, the City informed MSPC in January 2004, that the modular building on its property was in violation of the City zoning code and demanded that the building be immediately removed from the property. Citations were issued to MSPC for violation of the City zoning code, and the Municipal Court of Norcross subsequently ordered that the modular building be removed because it violated the zoning code.

In February 2004, MSPC sued NAASCM for breach of the lease agreement, and NAASCM answered and counterclaimed asserting that MSPC breached the lease. The case was tried before a jury on claims asserted by the parties in a February 2007 pre-trial order. In the order, MSPC contended that, under the express terms of the lease, the lease terminated when the variance expired and the City demanded that the modular building be removed. According to MSPC, NAASCM breached the lease by failing to remove the building from the MSPC property immediately after receiving notice that the zoning variance had expired and the City required removal, instead waiting until May 2006 to remove the building. MSPC also asserted that, during the period the modular building remained on the property under the lease, NAASCM breached the lease by denying MSPC its full right to use of the building. NAASCM asserted that, during the period the building remained on the property pursuant to the lease, MSPC breached an implied covenant of quiet enjoyment contained in the lease by denying it the full use and enjoyment of the modular building to which it was entitled. NAASCM also asserted that MSPC breached an implied covenant of good faith and fair dealing contained in the lease by failing or refusing to timely apply to the City of Norcross for another zoning variance sufficient to allow the modular building to remain on the lot during the agreed lease term. In conjunction with the latter assertion, NAASCM claimed that the lease contained an implied provision requiring MSPC to apply for another zoning variance.

The case was submitted to the jury on a verdict form which required the jury to find for or against MSPC on its claim for breach of contract and for or against NAASCM on its claim for breach of

contract, without separately considering the various grounds for breach of contract asserted by MSPC and NAASCM. The jury returned a verdict: (1) finding in favor of MSPC on its breach of contract claim and awarding MSPC breach of contract damages in the amount of $1.00, plus $83,483.92 in attorney fees and expenses of litigation, and (2) finding in favor of NAASCM on its breach of contract claim and awarding NAASCM breach of contract damages in the amount of $196,115.12, plus $88,000 in attorney fees and expenses of litigation. With the agreement of NAASCM, the trial court refused to accept this verdict and instructed the jurors that they could not find for both MSPC and NAASCM, but were required to find for one or the other, or for neither. MSPC objected to this instruction.[1] After receiving this instruction, the jury returned a verdict: (1) finding in favor of NAASCM on MSPC's breach of contract claim, and (2) finding in favor of NAASCM on its breach of contract claim and awarding NAASCM breach of contract damages in the amount of $160,000. The trial court entered its judgment on this verdict.

1. We agree with MSPC that the trial court erred by instructing the jurors that they could not find for both MSPC and NAASCM on their respective breach of contract claims. There was nothing inconsistent with the jury's first verdict finding that both NAASCM and MSPC breached different obligations under the lease. Accordingly, the judgment entered on the verdict rendered pursuant to this instruction must be reversed.

2. MSPC claims that the trial court erred by denying its motion for directed verdict on NAASCM's claim that MSPC breached an implied covenant of good faith and fair dealing contained in the lease.

Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement. *WirelessMD v. Healthcare.com Corp.*, 271 Ga. App. 461, 468 (610 SE2d 352) (2005); *Hunting Aircraft v. Peachtree City Airport Auth.*, 281 Ga. App. 450, 451 (636 SE2d 139) (2006). The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability. *Stuart Enterprises Intl. v. Peykan, Inc.*, 252 Ga. App. 231, 233-234 (555 SE2d 881) (2001); *WirelessMD*, 271 Ga. App. at 468. NAASCM contended that MSPC breached an implied covenant of good faith and fair dealing in the lease agreement because MSPC failed to

---

[1] MSPC argued that the trial court should have accepted the verdict to the extent that the jury found in favor of both sides on their respective breach of contract claims, but it also contended that the court should have interpreted the verdict to mean that neither side was entitled to an award of damages. The trial court rejected these arguments.

YALE LAW LIBRARY

timely apply to the City of Norcross for another zoning variance sufficient to allow the modular building to remain on the lot for the agreed lease term. Because the lease contained no express provision requiring MSPC to apply for another zoning variance, NAASCM contended that the good faith and fair dealing covenant modified an implied lease provision requiring MSPC to apply for another zoning variance. MSPC argued that the lease could not be construed to contain an implied provision requiring it to apply for another variance, and therefore NAASCM could not claim that a failure to apply for another zoning variance was an independent breach of an implied covenant of good faith and fair dealing. *Peykan, Inc.*, 252 Ga. App. at 233-234.

Whether or not a lease should be construed to contain an implied term is generally a question of law for the trial court. *DPLM, Ltd. v. J. H. Harvey Co.*, 241 Ga. App. 219, 224 (526 SE2d 409) (1999).[2] The record shows that the parties raised and briefed this issue in pre-trial motions, and that, as part of its ruling on MSPC's motion for judgment on the pleadings, the trial court ruled, in effect, that the lease contained an implied provision which imposed a duty on MSPC to apply for a zoning variance to allow the modular building to remain on the property for the agreed term of the lease. We find no error in this ruling. "An implied term in an agreement exists where it is reasonable and necessary to effect the full purpose of the contract and is so clearly within the contemplation of the parties that they deemed it unnecessary to state." *Fisher v. Toombs County Nursing Home*, 223 Ga. App. 842, 845 (479 SE2d 180) (1996).

> [T]he introduction of an implied term into the contract of the parties can only be justified when the implied term is not inconsistent with some express term of the contract and where there arises from the language of the contract itself, and the circumstances under which it was entered into, an inference that it is absolutely necessary to introduce the term to effectuate the intention of the parties. Consequently, though courts are generally reluctant to make contracts for the parties, they will imply promises or duties when justice, good faith, or fairness so demand.

(Citations and punctuation omitted.) *Higginbottom v. Thiele Kaolin Co.*, 251 Ga. 148, 149 (304 SE2d 365) (1983). Under the lease,

---

[2] Construction of a contract becomes a jury issue only in unusual cases which present a factual issue about the meaning of obscurely written words, and where the evidence shows that the meaning of the words was differently understood by the parties to the contract. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986).

NAASCM was required to bear expenses of acquiring the modular building, moving it to MSPC's property, assembling it on the property, and removing the building at the expiration of the agreed lease term. In consideration of these obligations, the lease provided that the building would remain on the property for a term of ten years with NAASCM's option to remain for an additional five years. Under these circumstances, the trial court correctly found that, in order to effectuate the intention of the parties under the lease, it was necessary to construe the lease to contain an implied duty for MSPC to apply for a zoning variance to allow the building to remain on the property during the lease term. Otherwise, the ten- to fifteen-year lease term agreed to by the parties would necessarily terminate less than four years after the lease was executed, and NAASCM would be denied any prospect under the lease of obtaining the benefit of the full lease term. The express lease provision imposing a duty on NAASCM to remove the modular building from the property if at any time the City of Norcross required removal of the building is not inconsistent with an implied duty for MSPC to apply for a zoning variance. This provision expressed an understanding that the lease did not contain a promise that it would run for the full term because there was no guarantee that the City would grant an application for another zoning variance. Rather, the lease contained an implied requirement that MSPC apply for and make a good faith effort to obtain a variance from the City. NAASCM pursued this claim based on evidence showing that the prospect of MSPC obtaining another zoning variance if it had applied for one was sufficiently likely and not remote or speculative. See *Unified Govt. of Athens-Clarke County v. Watson*, 276 Ga. 276 (577 SE2d 769) (2003).

The trial court correctly denied MSPC's motion for a directed verdict and allowed the jury to consider NAASCM's claim that MSPC breached an implied covenant of good faith and fair dealing by failing to comply with an implied duty to apply for another zoning variance.

3. There was no error in the trial court's refusal to direct a verdict in favor of MSPC on NAASCM's claim that MSPC breached an implied covenant of quiet enjoyment in the lease.

"A covenant for quiet enjoyment of the premises is necessarily implied in every lease. . . ." *Adair v. Allen*, 18 Ga. App. 636 (89 SE 1099) (1916). There was evidence sufficient to support a determination by the jury that, while the modular building remained on the property, MSPC engaged in conduct which substantially interfered with NAASCM's right under the lease to use and enjoyment of the building. The trial court correctly rejected MSPC's argument that, in order to establish a breach of the covenant of quiet enjoyment, NAASCM was required to show that MSPC's conduct actually or constructively evicted it from the leased premises. To the contrary, a

lessee who remains in possession of the leased premises may establish a breach of the implied covenant of quiet enjoyment by showing that the lessor substantially interfered with the lessee's right to use and enjoyment of the premises. See *Parker v. Munn Sign & Advertising Co.*, 29 Ga. App. 420 (115 SE 926) (1923); *Kulman v. Sulcer*, 99 Ga. App. 28, 30-31 (107 SE2d 674) (1959); *Albert Properties, Inc. v. Watkins*, 143 Ga. App. 184 (237 SE2d 670) (1977); *Topvalco, Inc. v. Garner*, 210 Ga. App. 358 (436 SE2d 25) (1993).

4. MSPC contends that the trial court erred by giving a misleading charge on the measure of general damages applicable to NAASCM's claim that it was, in effect, constructively evicted from the leased property prior to expiration of the agreed lease term when MSPC breached the lease by failing to apply for and obtain another zoning variance for the modular building.

The measure of general damages on this claim is the present value of the amount, if any, by which the rental value (the value of the use of the premises) for the unexpired term exceeds the rent agreed to under the lease for the unexpired term.[3] *Dukes v. Pure Oil Co.*, 112 Ga. App. 111, 116 (143 SE2d 769) (1965); *Garber v. Housing Auth. of the City of Atlanta*, 123 Ga. App. 29, 30 (179 SE2d 300) (1970); see Friedman on Leases, Vol. 2, § 13.3, p. 799 (4th ed. 1997). Under the present facts, the lease reflects that, as a substitute for out-of-pocket rent payable by NAASCM, MSPC was granted use of the modular building, so agreed rent under the lease was represented not by amounts payable by NAASCM, but by the value to MSPC of using the modular building.

The trial court instructed the jury on general damages in language substantially the same as the above-stated measure of general damages, but then added another instruction that the appropriate measure of damage was "the difference between the rent payable under the lease and the rent [NAASCM] would have to pay in the marketplace for substitute land." Under the facts in this case, we agree that the added instruction was misleading and the trial court erred by giving it. At a minimum, the instruction

---

[3] NAASCM alleged as part of this claim that it was also entitled to recover as special damages a portion of the expenses it incurred by placing the modular building on the property and removing the building after it was evicted prior to the expiration of the agreed lease term. NAASCM claimed that, because it incurred these expenses under the lease agreement on the promise of a 15-year term, it was entitled to recover the proportion of the expenses assignable to the unexpired term it was denied by MSPC's breach. See *Bill Parker & Assoc. v. Rahr*, 216 Ga. App. 838, 841 (456 SE2d 221) (1995); compare *Shiver v. Burkett*, 74 Ga. App. 195, 201 (39 SE2d 431) (1946). Special damages are generally recoverable but are limited to those arising naturally from the breach and foreseeable when the lease was executed as the probable result of the breach. OCGA §§ 13-6-2; 13-6-8; 13-6-9.

erroneously suggested that the agreed rent for the unexpired lease term was determined by the absence of out-of-pocket rent payable by NAASCM.

5. In light of the above rulings, we decline to address MSPC's claim that NAASCM failed to produce sufficient evidence to support the jury's award of damages.

*Judgment reversed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 22, 2008 —
RECONSIDERATION DENIED JUNE 5, 2008.

*Ekonomou, Atkinson & Lambros, Paul E. Nystrom III*, for appellant.

*Michael C. Murphy*, for appellee.