[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14464
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cv-00121-HLM

ANGELA SIMS,

Plaintiff - Appellant,

versus

CHASE HOME FINANCE, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 12, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Angela Sims appeals the dismissal of her amended complaint against Chase Home Finance, LLC. Sims filed in a Georgia court a complaint that Chase violated the Home Affordable Modification Program and its obligations to implement the Program under a Servicer Participation Agreement when it denied Sims's applications to modify her residential mortgage loan. Chase removed the civil action to the district court, which dismissed Sims's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We affirm.

The district court did not err by dismissing Sims's complaint. Sims failed to "state a claim to relief that is plausible on its face" from which the district court could "draw the reasonable inference that [Chase] is liable for [any] misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Sims complained that Chase failed to "properly apply" and "negligently implemented" the guidelines of the Program, but Sims failed to explain which guidelines that Chase allegedly misapplied, how the guidelines required Chase to modify Sims's loan, or how the "'language of the statute, the statutory structure, or some other source'" gave her a private right of action under the Program, Thompson v. Thompson, 484 U.S. 174, 180, 108 S. Ct. 513, 516 (1988) (quoting Nw. Airlines, Inc. v. Transp. Workers, 451 U.S. 77, 94, 101 S. Ct. 1571, 1582 (1981)). Sims

2

complained that Chase breached its contract with the U.S. Department of the Treasury to evaluate loans under the Program, but Sims admitted that she was not a party to the contract and failed to explain how she was anything more than an incidental beneficiary of the contract. See Noe v. Metro. Atlanta Rapid Transit Auth., 644 F.2d 434, 437 (5th Cir. 1981). Sims failed to state a claim that Chase had breached a covenant of good faith and fair dealing because Sims failed to state a claim that Chase had breached any contract with Sims. See Stuart Enters. Int'l, Inc. v. Peykan, Inc., 555 S.E.2d 881, 884 (Ga. App. 2001). Sims failed to state a claim that Chase had negligently inflicted her emotional distress because Sims failed to allege that she had "suffered [a] physical impact . . . [without which she] had no basis to bring a claim for the negligent infliction of emotional distress." Johnson v. Allen, 613 S.E.2d 657, 663 (Ga. App. 2005). Sims also failed to state a claim of promissory estoppel because Sims never alleged that Chase had promised to modify her mortgage loan under the Program. See Ga. Invs. Int'l, Inc. v. Branch Banking and Trust Co., 700 S.E.2d 662, 664 (Ga. App. 2010).

We **AFFIRM** the dismissal of Sims's complaint.