PETERSON, Judge,
concurring specially.
I join the majority opinion as to Division 1 in its entirety. For the reasons that follow, I concur in the judgment only as to Division 2 of the majority opinion.
The majority may very well be right that our case law regarding the implied covenant of quiet enjoyment went somewhat awry beginning in 1923. It may also be wrong.[40] But regardless of the merits of that question, the majority’s analysis does not convince me that the subsequent century of precedent must now be set right. The majority ignores stare decisis, which in my view counsels against overruling what, by this time, some might call a venerable principle of Georgia law. Accordingly, I respectfully disagree with the conclusion of Division 2(a)(ii) overruling a near-century of our case law and, thus, cannot join in the analysis that follows it.[41]
“The bench and bar are entitled to rely on long-standing case law,” Norred v. Teaver, 320 Ga. App. 508, 515 (740 SE2d 251) (2013) (Andrews, P. J., concurring), and so it is here. The rule the majority overrules today is long-standing case law. The majority does not *854 attempt to explain why that rule is unworkable, or how the last century of experience has shown it to be unwise. Instead, the majority simply declares that the rule developed in error as though that were the end of the matter. But the principle of stare decisis does not even begin to apply until we have already concluded that a prior decision was wrong. “Indeed, stare decisis has consequence only to the extent it sustains incorrect decisions; correct judgments have no need for that principle to prop them up.” Kimble v. Marvel Entm’t, LLC,_ U. S. _ (135 S. Ct. 2401, 2409, 192 LE2d 463) (2015). For that reason, “it is not alone sufficient that we would decide a case differently now than we did then. To reverse course, we require as well what we have termed a special justification — over and above the belief that the precedent was wrongly decided.” Id. (citations and punctuation omitted).[42]
Our Supreme Court has identified several factors to consider in deciding whether stare decisis counsels in favor of retaining a precedent that differs from what we might hold if approaching the question with a clean slate. These include “(1) the age of the precedent, (2) the reliance interests at stake, (3) the workability of the decision, and, most importantly, (4) the soundness of its reasoning.” Harrison v. McAfee, 338 Ga. App. 393, 401 (2) (c) (788 SE2d 872) (2016) (citing State v. Jackson, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010)); see also Benefield v. Tominich, 308 Ga. App. 605, 613 (708 SE2d 563) (2011) (Blackwell, J., concurring dubitante) (considering other factors). The majority considers nothing beyond the correctness of the long-standing case law it now overrules. At no point in the appellate briefing or oral argument did the parties challenge our precedent in any way (a failure that is itself a factor that we have recognized counsels strongly against overruling, see Benefield, 308 *855 Ga. App. at 613 (Blackwell, J., concurring dubitante)), much less explain why stare decisis does not apply. And my own independent weighing of the applicable factors suggests little reason to overrule anything in this case.
A final consideration also supports my conclusion. Stare decisis applies with the least force to constructions of the United States and Georgia Constitutions. See Smith v. Baptiste, 287 Ga. 23, 30 (694 SE2d 83) (2010) (Nahmias, J., concurring) (stare decisis “is less compelling when . . . the issue is the meaning of a constitutional provision”). “That is because it is much harder for the democratic process to correct or alter [a court’s] interpretation of the Constitution than [its] interpretation of a statute or regulation.” Id. And although stare decisis applies more strongly in cases of statutory construction, see id., faithful adherence to the separation of powers counsels us that it is unwise lightly to persist in erroneous constructions of validly-enacted statutes. See Harrison, 338 Ga. App. at 401-02 (2) (c); cf. Jackson, 287 Ga. at 659 (5) n.8 (it is “perilous to rely heavily on legislative silence and inaction to conclude that a court’s interpretation of a statute is correct”). But here, the precedent we consider has not interpreted the Constitution or a statute; it has instead merely answered questions the General Assembly had not yet addressed. In such a case, separation of powers considerations are at their nadir, leaving stare decisis to operate more forcefully
The trial court faithfully applied long-standing precedents of this Court. I would leave those precedents undisturbed and affirm. For these reasons, I concur in judgment only as to Division 2.
I am authorized to state that Judge Dillard, Judge McMillian, and Judge Mercier join in this special concurrence.

 The majority cites only two authorities for its new definition of the implied covenant of quiet enjoyment: Adair v. Allen, 18 Ga. App. 636 (89 SE 1099) (1916), and OCGA § 44-5-62. See maj. op. at 851. Neither authority provides much support for the majority’s position. Adairs holding was simply that actions of third parties do not create liability for a landlord under the implied covenant of quiet enjoyment, Adair, 18 Ga. App. at 636-37, which was precisely the conclusion of our Court in Jaraysi and the trial court here. And the statute does not address the question at all; although recognizing the existence of the covenant of quiet enjoyment, nothing in the statutory language defines the scope of that covenant. This statute has remained substantially unchanged throughout the many decades of the very case law the majority now seeks to change, and at no point has the General Assembly seen fit to correct our course. (This is not to say that the General Assembly’s silence should be read as acquiescence in our erroneous interpretation of a statute; indeed, our case law on this point has not “interpreted” OCGA § 44-5-62 at all.)

 To be fair, the word “overruled” is not one the majority employs. Instead, using language we normally employ to signal a clarification of ambiguous case law, it says only that our cases are “disapproved to the extent they can be interpreted to hold” that the covenant of quiet enjoyment “encompass[es] a non-title constructive eviction defense.” Maj. op. at 851. But the cases do in fact hold precisely that, and do so clearly. See, e.g., Myung Sung Presbyterian Church, Inc. v. N. Am. Ass’n of Slavic Churches & Ministries, Inc., 291 Ga. App. 808, 812-13 (3) (662 SE2d 745) (2008) (lessor breached covenant of quiet enjoyment when it “substantially interfered with the lessee’s right to use and enjoyment of the premises” by failing to apply for a zoning variance renewal). And thus the majority is in fact overruling these decisions, not merely clarifying them.

 As I use it in this opinion, the term “stare decisis” refers exclusively to principles that apply to our exercise of discretion in adhering to or overruling our own prior precedent when we have come to disagree with that prior precedent. This term should not be understood to include what we have occasionally referred to as “vertical stare decisis.” See, e.g., Whorton v. State, 321 Ga. App. 335, 339 (1) (741 SE2d 653) (2013) (“vertical stare decisis dictates that we faithfully adhere to the precedents established by the Supreme Court of Georgia”) (footnote omitted). Vertical stare decisis is simply another way of articulating the command — foundational to the rule of law — that we must follow the decisions of the Supreme Court of the United States and the Supreme Court of Georgia even when our own prior precedent may be inconsistent. This principle is mandatory and does not involve any discretion on our part. See also Ga. Const., Art. VI, Sec. VI, Para. VI (“The decisions of the Supreme Court shall bind all other courts as precedents.”). Our own internal rules require us to employ the same process — the participation of all active and non-disqualified judges of our Court — to overrule our prior precedent, whether we do so because (1) our prior precedent is now inconsistent with binding decisions of a higher court or (2) we have merely come to view that prior precedent as wrongly decided. It is only in the latter case that we have the option of retaining “incorrect” precedent, and so only in the latter case are considerations of stare decisis relevant.